**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1] | Case No. 26-10593 (CTG) |
| Debtors. | (Jointly Administered) |
|  | **Docket Ref. No. 14** |

**INTERIM ORDER (I) AUTHORIZING THE USE OF CASH MANAGEMENT
PROCEDURES, BANK ACCOUNTS, AND CERTAIN PAYMENT METHODS; (II)
PROHIBITING SETOFFS AND FREEZING OF BANK ACCOUNTS; (III) MODIFYING
THE REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE; (IV)
GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION
INTERCOMPANY CLAIMS; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the *Motion of the Debtors for Entry of Interim and Final Orders (I)
Authorizing the Use of Cash Management Procedures, Bank Accounts, and Certain Payment
Methods; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the
Requirements of Section 345(b) of the Bankruptcy Code; (IV) Granting Administrative Expense
Status to Postpetition Intercompany Claims; and (V) Granting Related Relief* [Docket No. 14] (the
"Motion"),[2] filed by the Debtors and upon consideration of the First Day Declaration, and the
Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the
*Amended Standing Order of Reference* from the United States District Court for the District of
Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding
pursuant to 28 U.S.C. § 157(b)(2), that the Debtors consent to entry of a final order under Article

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

III of the United States Constitution, and venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis, as set forth herein.

2.      The Debtors are authorized in the reasonable exercise of their business judgment, to:  (i) utilize their existing Cash Management System and to designate, maintain, and continue to use, with the same account numbers, the Bank Accounts and Electronic Payment Methods; and (ii) treat such Bank Accounts for all purposes as accounts of the Debtors as debtors in possession and to maintain and continue using these accounts in the same manner and with the same account numbers, styles, and document forms as those employed prior to the Petition Date; *provided*, within ten (10) days of entry of this Interim Order, the Debtors will update any electronically produced checks to reflect their status as debtors in possession.

3.      The Banks are hereby authorized to continue to service and administer all Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the ordinary course in a manner consistent with such practices prior to the Petition Date, and to receive, process, honor, and pay any and all checks, drafts, wires, or other electronic transfer requests issued, payable through, or drawn on such Bank Accounts after the Petition Date by the holders or makers thereof or other parties entitled to issue instructions with respect thereto, as the case may be; *provided, however*, subject to paragraph 4 of this Interim Order, that any such checks, drafts, wires, or other electronic transfer requests issued by the Debtors before the Petition Date may be honored only if specifically authorized by an order of this Court.

4.      Each of the Banks is authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Debtors' accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

5.      Further, the Banks may rely on the representations of the Debtors with respect to whether any check, item, or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors pursuant to this Interim Order.

6.      Those certain existing deposit agreements between the Debtors and the Banks shall continue to govern the post-petition cash management relationship between the Debtors and the Banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.  Either the Debtors or the Banks may, without further order of this Court, implement changes to the cash management systems and procedures in the ordinary course of business pursuant to terms of those certain existing deposit agreements, including, without limitation, the opening and closing of Bank Accounts, subject to terms of paragraph 8 of this Interim Order.

7.      The Debtors are authorized to make disbursements from Bank Accounts other than by check, including, without limitation, via wire transfer, debit card, or other forms of electronic transfer, to the extent consistent with the Debtors' existing cash management practices.

8.      The Debtors are authorized to open any new bank accounts, implement a new corporate credit card program, or close any Bank Accounts as the Debtors may deem necessary and appropriate; *provided, however*, that prior to opening any new bank accounts, implementing a new corporate credit card program, or closing any Bank Accounts, the Debtors shall provide notice of the Debtors' intentions with respect thereto to the UST and any statutory committee of creditors appointed in these cases. Any new domestic bank account opened by the Debtors shall be established at an institution that has signed a Uniform Depository agreement with the UST for Region 3 or that is willing to immediately sign such agreement.

9.      The Banks are authorized to charge and the Debtors are authorized to pay and honor, or allow to be deducted from the applicable Bank Account, both pre-petition and post-petition service and other fees, costs, charges, and expenses to which the Banks may be entitled under the terms of and in accordance with their contractual arrangements with the Debtors (collectively, the "Bank Fees").

10.     The Debtors' time to comply with section 345(b) of the Bankruptcy Code is hereby extended for a period of thirty (30) days from the date of this Interim Order (the "Extension Period"), provided, however, that such extension is without prejudice to the Debtors' right to request a further extension of the Extension Period or a final waiver of the requirements of section 345(b) in these Chapter 11 Cases.

11.     For the Banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the UST, the Debtors shall immediately (a) contact such bank, (b)

provide such bank with each of the Debtors' employer identification numbers, (c) identify each of their Bank Accounts held at such bank as being held by a debtor in possession in the Debtors' bankruptcy cases; and (d) serve a copy this Interim Order on each Bank.  For any Bank at which the Debtors hold Bank Accounts that are not party to a Uniform Depository Agreement with the UST, the Debtors shall serve a copy of this Interim Order on each such Bank, and the Debtors shall use their good-faith efforts to cause the Bank to execute a Uniform Depository agreement in a form prescribed by the UST within thirty (30) days of the date of this Interim Order.

12. The Debtors are authorized, but not directed, to continue the Cash Management System and related practices as used in the ordinary course prior to the Petition Date. This includes, without limitation, authorization for the Debtors to disburse through any means or for the applicable party as indicated on the Bank Account Chart, attached as **Exhibit 1** hereto, to draft funds held in the Bank Accounts for borrower-related disbursements (*e.g.*, property taxes, hazard insurance, or similar disbursements from borrower funds) and other disbursements for funds held as custodian of or for another party, including loan investors who may have contractual entitlements to receipts received by the Debtors.

13. The Debtors are authorized on and after the Petition Date to engage in Intercompany Transactions in a manner consistent with their practices prior to the Petition Date; *provided, however*, that the Debtors may not make any Intercompany Transactions to non-debtor affiliates or subsidiaries, or to Impac Secured Assets Corp. or IMH Assets Corp., absent further order of this Court. Upon entry of a final order, Intercompany Claims are hereby granted administrative expense status pursuant to § 503(b)(1) of the Bankruptcy Code.

14. Nothing in this Interim Order shall be construed to authorize any payment not provided for in any budget approved pursuant to any interim or final order authorizing the use of

cash collateral and/or debtor-in-possession financing (the "DIP Orders").  To the extent there is any inconsistency between the terms of the DIP Orders and the terms of this Interim Order or any action taken or proposed to be taken hereunder, the terms of the DIP Orders shall control.

15.     The Debtors shall, in the ordinary course of business, maintain accurate and detailed records of all transfers, including Intercompany Transactions, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

16.     Subject to § 553 of the Bankruptcy Code, the Banks are prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtors' use of any funds deposited in the Bank Accounts on account of, or by reason of, any claim (as defined in § 101(5)) of any such Bank against the Debtors that arose before the Petition Date, absent further order of the Court.

17.     This Interim Order shall be without prejudice to the Debtors' rights to seek a further interim waiver from this Court of such requirements or to seek approval from this Court to deviate from such requirement on a final basis.

18.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Interim Order, nor any payment made pursuant to this Interim Order, shall constitute, or is intended to constitute, an admission as to the validity or propriety of any claim against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim, or the assumption or adoption of any agreement, contract, or lease under § 365 of the Bankruptcy Code.

19.     Despite use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of who pays those disbursements.

20.     To the extent applicable, the requirements set forth in in Bankruptcy Rule 6003 have been satisfied.

21.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

22.     The final hearing (the "Final Hearing") to consider the entry of a final order granting the relief requested in the Motion shall be held on **May 22, 2026, at 3:30 p.m. (prevailing Eastern Time)**.

23.     Any objection to the entry of a final order granting the relief requested in the Motion shall be filed with the Court and served on, no later than **5:00 p.m. (prevailing Eastern Time) on May 15, 2026**: (a) the Debtors; (b) proposed counsel to the Debtors, (i) Dentons US LLP, 601 S. Figueroa Street, #2500, Los Angeles, CA 90017, Attn:  Tania M. Moyron (tania.moyron@dentons.com) and Van C. Durrer, II (van.durrer@dentons.com), Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn:  Geoffrey Miller (geoffrey.miller@dentons.com), and (ii) proposed local counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com) and Timothy Cairns (tcairns@pszjlaw.com); (c) counsel to the official committee of unsecured creditors, if one is appointed; and (d) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

24.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: April 28th, 2026**
**Wilmington, Delaware**

# EXHIBIT 1

## Bank Accounts Chart

| Account Vesting | Account Number | Account Type | Bank | Draft Agreement | Balance as of 4/25/2026 | | Purpose |
|---|---|---|---|---|---|---|---|
| (a) | (b) | (c) | (d) | (e) | (f) | | (f) |
| Wells Fargo Bank, N.A. | | | | | | | |
| Copperfield Capital Corporation | ***5864 | WellsOne Account | Wells Fargo Bank, N.A. | No | $ | - | Operating Account |
| Impac Funding Corp. | ***3944 | WellsOne Account | Wells Fargo Bank, N.A. | No | $ | 2,000.00 | Operating Account |
| Impac Mortgage Corp. | ***8262 | WellsOne Account | Wells Fargo Bank, N.A. | *Yes - LoanCare | $ | 83,326.75 | Operating Account |
| Impac Mortgage Corp. | ***6970 | WellsOne Account | Wells Fargo Bank, N.A. | No | $ | - | Payroll |
| Impac Mortgage Corp. | ***4479 | Commercial Money Market | Wells Fargo Bank, N.A. | No | $ | - | Restricted |
| Impac Mortgage Corp. | ***2415 | Money Market Combined Account | Wells Fargo Bank, N.A. | No | $ | - | Brokerage/Securities |
| Impac Mortgage Holding Asset Corp. | ***6707 | Money Market Combined Account | Wells Fargo Bank, N.A. | No | $ | 1.08 | Brokerage/Securities |
| Impac Mortgage Holding, Inc. | ***3977 | WellsOne Account | Wells Fargo Bank, N.A. | *Yes - Various State Agencies for Licensing | $ | 40,513.80 | Operating Account |
| Impac Mortgage Holdings | ***3985 | WellsOne Account | Wells Fargo Bank, N.A. | No | $ | - | Accounts Payable |
| Impac Mortgage Holdings, Inc. | ***6568 | WellsOne Account | Wells Fargo Bank, N.A. | No | $ | - | Payroll |
| Enterprise Bank & Trust | | | | | | | |
| Impac Mortgage Corp. | ***0239 | Commercial Fed Funds MMA | Enterprise Bank & Trust | No | $ | 292.73 | Operating |
| Impac Mortgage Corp. | ***1325 | Commercial Fed Funds MMA | Enterprise Bank & Trust | No | $ | 2,753,891.82 | Restricted - Life Insurance |

1

| Account Vesting | Account Number | Account Type | Bank | Draft Agreement | Balance as of 4/25/2026 | Purpose |
|---|---|---|---|---|---|---|
| Impac Mortgage Corp. | ***4312 | Business CD | Enterprise Bank & Trust | No | $ 1,152,126.71 | Restricted - Surety Bonds |
| Impac Mortgage Corp. | ***5704 | Commercial Fed Funds Sweep | Enterprise Bank & Trust | No | $ 12,850.71 | Sweep |
| Impac Mortgage Corp. | ***9018 | Commercial DDA | Enterprise Bank & Trust | Yes - Paylocity | $ - | Payroll |
| Impac Mortgage Corp. | ***4770 | Commercial DDA | Enterprise Bank & Trust | No | $ - | Operating |
| Impac Mortgage Holdings, Inc. | ***4454 | Commercial DDA | Enterprise Bank & Trust | No | $ 7,602.00 | Operating |
| Impac Mortgage Holdings, Inc. | ***9203 | Commercial DDA | Enterprise Bank & Trust | No | $ - | Accounts Payable |
| Impac Mortgage Holdings, Inc. | ***4628 | Commercial DDA | Enterprise Bank & Trust | Yes - Paylocity | $ - | Payroll |
| Merchants Bank of Indiana | | | | | | |
| Impac Funding Corp. | ***8163 | Checking | Merchants Bank of Indiana | No | $ 289,278.02 | Remittance Clearing Account |

*These vendors submit ACH drafts to Impac. However, Wells Fargo Bank has identified such payment requests as "possible fraud" and must be manually approved by Impac. No draft agreement with these vendors has been executed.

*The Debtors intend to close all Bank Accounts other than those at Enterprise Bank & Trust.

2