## EXHIBIT 1

(Procedures)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>         Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered) |

**NOTICES, RESTRICTIONS, AND OTHER PROCEDURES
REGARDING OWNERSHIP AND TRANSFERS OF, AND DECLARATIONS OF
WORTHLESSNESS WITH RESPECT TO, INTERESTS IN THE DEBTORS**

**TO ALL PERSONS OR ENTITIES THAT BENEFICIALLY OWN EQUITY INTERESTS IN THE DEBTORS:**

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Granting Motion of the Debtors for Entry of Interim Order (I) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors as of the Petition Date; (II) Directing That Any Violations of the Procedures are Void Ab Initio; (III) Scheduling a Final Hearing to Consider Approval of the Motion on a Final Basis; and (IV) Granting Related Relief* dated [•], 2026 [Docket No. [•]] (with all exhibits attached thereto, the "Interim Order"),[2] entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), the following restrictions, notification requirements, and/or other procedures (collectively, the "Procedures") apply to any acquisition, disposition, trading, or transfer of, or declarations of worthlessness with respect to, Beneficial Ownership of Common

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used but not otherwise defined herein have the same meanings ascribed to them in the Interim Order or the Motion, as applicable.

Stock (whether direct or indirect, and including Options to acquire Beneficial Ownership of Common Stock):

A.    **Common Stock Restrictions.**

     i.    *Definitions.*  For purposes of these Procedures (including, for the avoidance of doubt, with respect to any acquisition, disposition, trading in, transfer of, or declaration of worthlessness), the following terms have the following meanings:

     1.    "Common Stock" shall mean any common stock issued by Impac.

     2.    "Option" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent, subject to vesting, or otherwise not currently exercisable.

     3.    "Beneficial Ownership" of Common Stock and Options to acquire Common Stock shall be determined in accordance with the applicable rules of §§ 382 and 383 of the Tax Code, the regulations promulgated by the U.S. Department of the Treasury under the Tax Code (the "Treasury Regulations"), rulings issued by the Internal Revenue Service (the "IRS"), and the rules described herein, and shall include, without limitation: (A) direct, indirect, and constructive ownership, determined without regard to any rule that treats stock of an entity to which the constructive ownership rules apply as no longer owned by that entity (*e.g.*, a holding company would be considered to Beneficially Own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members, (C) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (D) ownership of an Option to acquire Beneficial Ownership of Common Stock.

     4.    "Entity" shall mean any "entity" as such term is defined in Treasury Regulations § 1.382-3(a), including a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

     5.    "Substantial Stockholder" shall mean any Entity or person that Beneficially Owns, or has Options to acquire, Common Stock which, in combination, and assuming full exercise

thereof, would total at least 1,645,000 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock as of December 31, 2025).

6. "50-Percent Shareholder" shall mean any person or entity that, at any time since December 31, 2025, has owned Beneficial Ownership of fifty percent (50%) or more of the Common Stock, as determined in accordance with § 382(g)(4)(D) of the Tax Code and the applicable Treasury Regulations thereunder.

ii. *Notice of Substantial Ownership.* Any person or Entity that Beneficially Owns, at any time on or after the filing of the Debtors' petitions, Common Stock or Options in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with this Court and serve upon: (i) the Debtors; (ii) proposed counsel for the Debtors; (iii) counsel for any statutory committee of unsecured creditors appointed in these Chapter 11 Cases; and (iv) counsel for the Debtors' prepetition and postpetition secured lenders (collectively, the "Disclosure Parties"), a notice of such person's or Entity's substantial ownership (a "Substantial Stock Ownership Notice"), in substantially the form attached to the Orders as **Exhibit 2**, which describes specifically and in detail such person's or Entity's Beneficial Ownership of Common Stock and Options, on or before the date that is the later of (x) ten (10) calendar days after entry of the order granting the requested relief or (y) ten (10) calendar days after such person or Entity qualifies as a Substantial Stockholder. At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with this Court (but not the Substantial Stock Ownership Notice served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number.

iii. *Acquisition of Common Stock.* At least fourteen (14) calendar days prior to the proposed date of any transfer in Beneficial Ownership of Common Stock (including directly and indirectly, and including the grant or other acquisition of Options to acquire Beneficial Ownership of Common Stock) or exercise of any Option to acquire Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock Beneficially Owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Stockholder

3

(a "Proposed Acquisition Transaction"), such person, Entity, or Substantial Stockholder (a "Proposed Transferee") shall file with this Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate such Beneficial Ownership (an "Acquisition Notice"), in substantially the form attached to the Orders as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Proposed Transferee, the Acquisition Notice to be filed with this Court (but not the Acquisition Notice served upon the Disclosure Parties) may be redacted to exclude the Proposed Transferee's taxpayer identification number.

iv.    *Disposition of Common Stock*.  At least fourteen (14) calendar days prior to the proposed date of any transfer or other disposition in Beneficial Ownership of Common Stock (including directly and indirectly, and including Options to acquire Beneficial Ownership of Common Stock) that would result in either a decrease in the amount of Common Stock Beneficially Owned by a Substantial Stockholder or a person or Entity ceasing to be a Substantial Stockholder (a "Proposed Disposition Transaction"), such person, Entity, or Substantial Stockholder (a "Proposed Transferor") shall file with this Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer such Beneficial Ownership (a "Disposition Notice"), in substantially the form attached to the Orders as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction.  At the election of the Proposed Transferor, the Disposition Notice to be filed with this Court (but not the Disposition Notice served upon the Disclosure Parties) may be redacted to exclude the Proposed Transferor's taxpayer identification number.

v.    *Notice of Worthlessness of Common Stock*.  Any person or entity that currently is or becomes a 50-Percent Shareholder shall file with this Court and serve upon the Disclosure Parties a notice of such status (each, a "Notice of Status as a 50-Percent Shareholder"), in substantially the form attached to the Orders as **Exhibit 5**, on or before the later of (i) ten (10) calendar days after the date of the Notice of Emergency Order and (ii) ten (10) calendar days after becoming a 50-Percent Shareholder; *provided that*, for the avoidance of doubt, the other

4

procedures set forth herein shall apply to any 50-Percent Shareholder even if no Notice of Status as a 50-Percent Shareholder has been filed.  Additionally, prior to filing any federal or state tax return, or any amendment thereto, or taking any other action that claims any deduction for worthlessness (a "Proposed Worthless Stock Deduction," and, together with a Proposed Acquisition Transaction and a Proposed Disposition Transaction, a "Proposed Transaction") of Beneficial Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of intent to claim a Proposed Worthless Stock Deduction (a "Notice of Intent to Claim a Worthless Stock Deduction" and, together with an Acquisition Notice and a Disposition Notice, a "Trading Notice"), in substantially the form attached to the Orders as **Exhibit 6**.

B.    **Objection Procedures**.  The Debtors, in consultation with the Disclosure Parties, shall have ten (10) calendar days after the filing of a Trading Notice (the "Objection Period") to file with this Court and serve on a Proposed Transferee, a Proposed Transferor, or a 50-Percent Shareholder, as the case may be, an objection (each, an "Objection") to any Proposed Transaction described in such Trading Notice.  If the Debtors file an Objection by the expiration of the Objection Period (the "Objection Deadline"), then the applicable Proposed Transaction shall not be effective unless approved by a final and nonappealable order of this Court.  If the Debtors do not file an Objection by the Objection Deadline or if the Debtors provide written authorization to the Proposed Transferee, the Proposed Transferor, or the 50-Percent Shareholder, as the case may be, approving the Proposed Transaction prior to the Objection Deadline, then such Proposed Transaction may proceed solely as specifically described in the applicable Trading Notice.  Any further Proposed Transaction must be the subject of an additional Trading Notice and Objection Period.

C.    **Notice Procedures**.  As soon as reasonably practicable following entry of the Emergency Order, the Debtors shall serve, or cause to be served, a notice by first class mail, substantially in the form attached to the Emergency Order as **Exhibit 7** (the "Notice of Emergency

Order"), on:  (a) the Office of the United States Trustee; (b) counsel for the Debtors' prepetition and postpetition secured lenders; (c) the Debtors' thirty largest unsecured creditors on a consolidated basis; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) the United States Attorney's Office for the District of Delaware; (g) any party that is entitled to notice pursuant to Local Rule 9013-1(m); (h) the transfer agent for the Common Stock; (i) each person or entity that has filed a Schedule 13D or Schedule 13G in respect of such holder's ownership of Common Stock since December 31, 2025; (j) any Substantial Stockholder; (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 or Local Rule 2002-1(b); and (l) the registered and nominee holders of Common Stock (served down to the beneficial owners of Common Stock) as of the Petition Date (collectively, the "Notice Parties").

No later than two (2) business days following entry of the Interim Order or the Final Order, as applicable, the Debtors shall (i) serve a notice by first class mail, substantially in the form attached to the applicable Order as **Exhibit 7** (the "Notice of Interim Order" or the "Notice of Final Order," as applicable), on the Notice Parties, (ii) publish such notice once in the national edition of *The Wall Street Journal*, and (iii) post the Procedures to the website established by Kurtzman Carson Consultants LLC, dba Verita Global for these Chapter 11 Cases.

All registered and nominee holders of Common Stock shall be required to serve the Notice of Emergency Order, the Notice of Interim Order, or the Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock, down the chain of ownership for all such holders of Common Stock.  Any entity or individual, or any broker or agent acting on such entity's or individual's behalf, that sells Common Stock to another entity or individual shall be required to serve a copy of the Notice of Emergency Order, the Notice of Interim Order, or the Notice of Final Order, as applicable, on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

**D.**    **Noncompliance with the Procedures**.  Any acquisition, disposition, trading, or transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock (whether direct or indirect, and including Options to acquire Beneficial Ownership of

6

Common Stock) in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under § 362 and pursuant to the Bankruptcy Court's equitable powers under § 105(a). Furthermore, any person or Entity that acquires, disposes of, trades in, or claims worthlessness deductions with respect to Beneficial Ownership of Common Stock (including directly and indirectly, and including Options to acquire Beneficial Ownership of Common Stock) in violation of the Procedures may be subject to sanctions as provided by law, including damages resulting from the violation of the automatic stay.

**E.** **Debtors' Right to Waive**. The Debtors may, in consultation with the Disclosure Parties, in the event of a potential adverse impact on Tax Attributes, waive, in writing, any and all restrictions, stays, and notification requirements contained in the Procedures.