**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1] | Case No. 26-10593 (CTG) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SCHEDULING A COMBINED DISCLOSURE STATEMENT APPROVAL AND PLAN CONFIRMATION HEARING, (II) ESTABLISHING PLAN AND DISCLOSURE STATEMENT OBJECTION AND REPLY DEADLINES AND RELATED PROCEDURES, (III) APPROVING THE PREPETITION SOLICITATION PROCEDURES, (IV) APPROVING THE NOTICE OF COMMENCEMENT & CONFIRMATION HEARING NOTICE, AND FINDING NOTICE SUFFICIENT, (V) APPROVING NOTICE AND OBJECTION PROCEDURES FOR THE ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (VI) WAIVING THE REQUIREMENT OF FILING SCHEDULES, STATEMENTS OF FINANCIAL AFFAIRS, RULE 2015.3 REPORTS AND SECTION 341 MEETING OF CREDITORS, AND (VII) GRANTING RELATED RELIEF**

Upon the motion [Docket No. 15] (the "Motion")[2] of the Debtors for entry of an order (this "Order"), pursuant to §§ 105, 1107, 1108, 1125, 1126, 1128, and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and 9006, and Local Rules 2002-1 and 3017-1, (i) scheduling a combined disclosure statement approval and plan confirmation hearing, (ii) establishing plan and disclosure statement objection and reply deadlines and related procedures, (iii) approving the prepetition solicitation procedures, (iv) approving the combined hearing notice, (v) approving notice and objection procedures for the assumption of executory contracts and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Plan, as applicable.

unexpired leases, (vi) waiving the requirement of filing Schedules, Statements of Financial Affairs, Rule 2015.3 reports and § 341 meeting of creditors, and (vii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and venue of these proceedings and the Motion in this District being proper under 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding under 28 U.S.C. § 157(b)(2)(A); and due and proper notice of the Motion having been given to the parties listed therein; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"); and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest in these cases; and after due deliberation and sufficient cause appearing therefor

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is hereby granted as set forth herein.

2. The Confirmation Hearing, at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held on **May 28, 2026, at 2:00 p.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time by this Court without further notice other than adjournments announced in open court or in the filing of a notice or hearing agenda in these Chapter 11 Cases, and notice of such adjourned date(s) will be available on the electronic case filing docket.

3.      Any responses or objections to adequacy of the Disclosure Statement or confirmation of the Plan must have been received as set forth in paragraph 4 of this Order by **May 21, 2026, at 4:00 p.m. (prevailing Eastern Time)**.

4.      Any responses or objections to (i) the adequacy of the Disclosure Statement, (ii) confirmation of the Plan, or (iii) the assumption of Executory Contracts and Unexpired Leases, must:

a.  be in writing;

b.  comply with the Bankruptcy Rules and the Local Rules;

c.  state the name and address of the objecting party and the amount and nature of the Claim or Interest owned by such entity;

d.  state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Disclosure Statement or Plan, as applicable, that would resolve such objections; and

e.  be filed with the Court and served so as to be actually received no later than **May 21, 2026, at 4:00 p.m. (prevailing Eastern Time)**, by: (a) the Debtors, 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612 (*Attn*: Joe Joffrion, joe.joffrion@impacmail.com); (b) proposed counsel for the Debtors, (i) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Van C. Durrer II, van.durrer@dentons.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899 (Attn: Laura Davis Jones, ljones@pszjlaw.com, David M. Bertenthal, debertenthal@pszjlaw.com, and Timothy Cairns, tcairns@pszjlaw.com); (c) counsel for the Plan Sponsor, (i) Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020 (Attn: Daniel B. Besikof, dbesikof@lowenstein.com) and (ii) Morris Nichols Arsht & Tunnell, 1201 North Market Street, 16th Floor, Wilmington, DE 19801 (Attn: Curtis S. Miller, cmiller@morrisnichols.com); (d) the Office of the United States Trustee for the District of Delaware (Attn: Benjamin A. Hackman); and (e) any other party entitled to notice under Bankruptcy Rule 2002.

5.      Any brief in support of confirmation of the Plan or any reply to any objections to confirmation of the Plan or the adequacy of the Disclosure Statement must be filed by **May 26, 2026**. To the extent applicable, Local Rule 9006-1 is hereby waived in its entirety.

6. Any objections not timely filed and served in the manner set forth in this Order may, in the Court's discretion, not be considered and may be overruled.

7. The Proposed Confirmation Schedule, as set forth below relating to confirmation of the Plan and approval of the Disclosure Statement, is hereby approved in its entirety, and the Court hereby finds that the following schedule of events is consistent with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

| Event or Deadline | Date and Time | Description |
|---|---|---|
| Voting Record Date[3] | April 22, 2026 | The date for determining (i) which holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan, opt-in to the Third-Party Release, and receive Solicitation Packages in connection therewith, (ii) which holders of Claims and Interests in the Non-Voting Classes are entitled to opt-in to the Third-Party Release, and (iii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the respective Claim. |
| Filing of Plan & Disclosure Statement | Petition Date | |
| Confirmation Hearing | May 28, 2026, at 2:00 p.m. (prevailing Eastern Time) | The date for the hearing at which the Court will consider confirmation of the Plan and final approval of the Disclosure Statement. |
| Publication Deadline | Two (2) business days following entry of the Confirmation Procedures Order (or as soon as reasonably practicable thereafter) | The last date by which the Debtors will submit the Notice of Commencement & Confirmation Hearing Notice in a format modified for publication. |
| Plan Supplement Filing Date | May 14, 2026 | The date by which the Debtors shall file the Plan Supplement. |

---

[3] The "Voting Record Date" is the date as of which a holder of record of a claim or interest entitled to vote on the Plan must have held such claim or interest to cast a vote to accept or reject the Plan.

| Event or Deadline | Date and Time | Description |
|---|---|---|
| Confirmation Objection Deadline | May 21, 2026 (at 4:00 p.m. prevailing Eastern Time) | The deadline by which objections to confirmation of the Plan and final approval of the Disclosure Statement must be filed with the Court and served so as to be **actually received** by the appropriate notice parties. |
| Opt-In Deadline | May 21, 2026 (at 4:00 p.m. prevailing Eastern Time) | The deadline by which all opt-in forms (the "Opt-In Forms") must be properly executed, completed, and electronically submitted so that they are **actually received** by the Claims Agent. |
| Deadline to File Voting and Opt-In Results | May 26, 2026 | The deadline by which the Claims Agent shall file the voting and opt-in results. |
| Confirmation Brief and Plan and Disclosure Statement Objection Reply Deadline | May 26, 2026 | The deadline by which the Debtors shall file their brief in support of confirmation of the Plan and deadline by which replies to objections to confirmation of the Plan and final approval of the Disclosure Statement must be filed with the Court. |

8.     The Debtors are authorized to combine the notice of the Confirmation Hearing and the Objection Deadline (and related procedures) with the notice of the commencement of the Chapter 11 Cases.

9.     The Notice of Commencement & Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 3**, and service thereof comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved as sufficient and appropriate notice of the Confirmation Hearing under the circumstances. The Debtors shall cause the Claims Agent to serve a copy of the Notice of Commencement & Confirmation Hearing Notice by no later than one business day, or as soon as reasonably practicable, after entry of this Order.

10.     The Debtors are authorized to mail the Notice of Commencement & Confirmation Hearing Notice to the Non-Voting Holders, in accordance with the terms of this Order, in lieu of sending such Non-Voting Holders a copy of the Plan or the Disclosure Statement and, except to the extent necessary to comply with Local Rule 3017-1(c), the requirements under the Bankruptcy

Rules or the Local Rules, including Bankruptcy Rule 3017(d), to transmit a copy of the Plan and the Disclosure Statement to Non-Voting Holders are hereby waived with respect to such Non-Voting Holders; *provided*, *however*, that the Debtors will do so upon request from such parties; *provided*, *further*, that the Debtors may supplement such service of the Notice of Commencement & Confirmation Hearing Notice by e-mail to the Non-Voting Holders.

11.     The Debtors are authorized, but not directed, pursuant to Bankruptcy Rule 2002(a), to publish the Publication Notice, substantially in the form attached hereto as **Exhibit 4**, as soon as reasonably practicable following the entry of this Order in the *Wall Street Journal* or another nationally circulated newspaper and/or regional newspapers and electronically on the Debtors' restructuring website maintained by the Claims Agent, and file the same on this Court's docket, which Publication Notice shall constitute good and sufficient notice of the Confirmation Hearing and the Objection Deadline (and related procedures) to persons who do not otherwise receive the Notice of Commencement & Confirmation Hearing Notice by mail.

12.     For avoidance of doubt, the Debtors shall also serve the Notice of Commencement & Confirmation Hearing Notice on: (a) the U.S. Trustee, (b) the Office of the United States Attorney for the District of Delaware, (c) the Internal Revenue Service; (d) the United States Securities and Exchange Commission; (e) any statutory committee appointed in these Chapter 11 Cases; (f) all state and local taxing authorities in the states in which the Debtors have tax liability; (g) all federal, state and local authorities that regulate any portion of the Debtors' businesses; and (h) all counterparties to Executory Contracts and Unexpired Leases.

13.     Service of the Notice of Commencement & Confirmation Hearing Notice as set forth in the Motion and herein is sufficient notice of the Petition Date, the Confirmation Hearing,

the Objection Deadline, and the procedures for objecting to the adequacy of the Disclosure Statement and confirmation of the Plan.

14. The Debtors are not required to serve the Notice of Commencement & Confirmation Hearing Notice on the individuals that received notice of the Data Breach; provided that the Debtors shall provide information regarding these Chapter 11 Cases on the Cyberscout website regarding the Data Breach and the website maintained by the Debtors' Claims Agent.

15. The Voting Record Date of April 22, 2026, and the Voting Deadline of April 24, 2026, at 4:00 p.m. (*prevailing* Eastern Time) with respect to Class 3 and Class 4 Claims, is approved.

16. The contents of the Solicitation Package, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties entitled to vote on the Plan.

17. The Debtors are authorized to make non-substantive modifications and ministerial changes to the Notice of Commencement & Confirmation Hearing Notice or Publication Notice without further approval of the Court prior to the dissemination of such documents, including, without limitation, changes to correct typographical and grammatical errors, and to make conforming changes to the Plan, the Disclosure Statement, and any other materials included in the Solicitation Package prior to their dissemination.

18. The Solicitation Procedures set forth in the Motion that the Debtors used to distribute the Solicitation Packages, including providing electronic access thereto, and to solicit acceptances and rejections of the Plan, as well as the Tabulation Procedures used to tabulate votes to accept or reject the Plan, satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules,

and the Local Rules, and those Solicitation Procedures are conditionally approved, subject to any party's right to object at the Confirmation Hearing.

19. The Ballots, substantially in the forms attached hereto as **Exhibits 1A** and **1B**, and the terms and conditions therein, are conditionally approved, subject to any party's right to object at the Confirmation Hearing.

20. The Opt-In Releases, substantially in the form attached hereto as **Exhibit 2**, and the terms and conditions therein, are conditionally approved, subject to any party's right to object at the Confirmation Hearing.

21. The following Tabulation Procedures are conditionally approved, subject to any party's right to object at the Confirmation Hearing:

| | |
|---|---|
| **Votes Not Counted** | • Any Ballot that partially rejects and partially accepts the Plan.<br><br>• Any Ballot not marked to accept or reject the Plan, or any Ballot marked both to accept and reject the Plan.<br><br>• Any unsigned Ballot or Ballot lacking an original signature.<br><br>• Any Ballot that was illegible or contained insufficient information to permit identification of the Holder of the Claim.<br><br>• Ballots sent to the Debtors, the Debtors' agents, or the Debtors' financial or legal advisors.<br><br>• Ballots sent by facsimile or email.<br><br>• Any Ballot cast by a Person or Entity that did not hold a Claim in a Class entitled to vote on the Plan.<br><br>• Any Ballot submitted by any Person or Entity not entitled to vote pursuant to the Solicitation Procedures. |
| **No Vote Splitting** | • Holders were required to vote all of their Claims or Interests within a particular Class either to accept or reject the Plan and were not permitted to split any votes. |

| | |
|---|---|
| **Vote Aggregation** | • Separate Claims held by a single creditor in a particular Class may have been aggregated and treated as if such creditor held one Claim in such Class, in which case all votes related to such Claim were treated as a single vote to accept or reject the Plan; *provided, however*, that if separate affiliated entities, including any funds or accounts advised or managed by the same entity or by affiliated entities, hold Claims in a particular Class, these Claims were not aggregated and were not treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity or managed fund or account was counted separately as a vote to accept or reject the Plan. |

22.     Pursuant to §§ 1125 and 1126 and applicable nonbankruptcy law, the Debtors are conditionally authorized, subject to any party's right to object at the Confirmation Hearing, to continue their prepetition solicitation in respect of the Plan, commenced on April 24, 2026, after the Petition Date.

23.     The Executory Contract Procedures are approved; *provided, however*, that this Court retains jurisdiction after the Effective Date to address any dispute between the Debtors and a counterparty to an Executory Contract or Unexpired Lease regarding amounts allegedly due as a result of a Debtor's pre-assumption default thereunder, regardless of whether that counterparty has filed an objection.

24.     The Assumption Notice, substantially in the form attached hereto as **Exhibit 5**, is approved. The Debtors shall serve each non-Debtor party to an Executory Contract or Unexpired Lease that the Debtors propose to assume with an Assumption Notice.

25.     The Debtors are not required to mail a copy of the Plan or the Disclosure Statement to Holders of Claims or Interests in the Non-Voting Classes but shall do so upon request from any such party or as provided in the Notice of Commencement & Confirmation Hearing Notice.

26.     The Debtors shall cause to be posted to their restructuring website, maintained by the Claims Agent, various chapter 11 related documents, including the following: (a) the Plan; (b)

the Disclosure Statement; (c) the Motion and any orders entered in connection with the Motion; and (d) the Notice of Commencement & Confirmation Hearing Notice.

27.     The notice and objection procedures set forth in this Order and the Motion constitute good and sufficient notice of the Confirmation Hearing; commencement of these Chapter 11 Cases; and the deadline and procedures for objection to approval of the Solicitation Procedures, adequacy of the Disclosure Statement, and confirmation of the Plan. No other or further notice shall be necessary.

28.     The U.S. Trustee need not convene a meeting of creditors or equity holders pursuant to § 341(e) of the Bankruptcy Code if the Plan is confirmed and goes effective within seventy-five (75) days of the Petition Date; *provided* that such date may be further extended upon further order of the Court, upon notice filed on the docket and served on the Notice Parties.

29.     Cause exists to waive the requirement that the Debtors file Schedules, 2015.3 Reports, and SOFAs if the Plan is confirmed and goes effective within seventy-five (75) days of the Petition Date, without prejudice to the Debtors' rights to request further extensions thereof; *provided* that such deadline to file the Schedules, 2015.3 Reports, and SOFAs may be further extended upon further order of the Court, upon notice filed by the Debtors on the docket and served on the Notice Parties; *provided*, *further*, that this relief is without prejudice to the Debtors' rights to request further extensions thereof (including if the Debtors and the U.S. Trustee are unable to reach an agreement pursuant to the preceding proviso).

30.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, including Bankruptcy Rule 6004(h), (a) the terms of this Order shall be immediately effective and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement, or realization of relief granted in this Order; and (c) the Debtors may, in their

discretion and without further delay, take any action and perform any act authorized under this Order.

31.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

32.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

33.      Nothing in this Order shall be deemed to constitute (i) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, or (ii) a waiver of any rights, claims, or defenses of the Debtors or any other party in interest.

34.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: April 29th, 2026**
**Wilmington, Delaware**