**<u>Exhibit 2</u>**

**Opt-In Release Form**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1] | Case No. 26-10593 |
| Debtors. | (Joint Administration Requested) |

**THIRD PARTY RELEASE OPT-IN FORM**

**THE PLAN PROVIDES FOR THE RELEASE OF CERTAIN PARTIES INVOLVED IN THE CHAPTER 11 CASES. PARTIES SHOULD THEREFORE BE AWARE THAT IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OF THE PLAN OCCURS, CERTAIN PARTIES WILL RECEIVE THE BENEFITS OF THE RELEASE PROVISIONS AND CERTAIN PARTIES WILL BE BOUND BY THE RELEASE PROVISIONS AS SET FORTH IN SECTION 10.5(B) OF THE PLAN.**

You are **not** required to opt in to the Third-Party Release under the Plan. Your decision whether to opt in will not affect the allowance of your Claim or your right, if any, to receive distributions under the Plan. If you affirmatively elect to opt in, you will be deemed a "Releasing Party" under the Plan and, subject to the terms and conditions therein, will grant the Third-Party Release and, in turn, be deemed a "Released Party" under the Plan and receive the benefit of the mutual releases provided by the Debtors and the other Released Parties; *provided, however*, that such mutual releases shall apply only to the extent that you do not hold a Disputed Claim and do not object to the releases as set forth in the Plan.

**THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:**

(a)      ***Defined Terms.*** As used in the Plan, capitalized terms have the meanings set forth below.

(i)      "*Released Parties*" means, collectively, the Debtor Released Parties and the Third-Party Released Parties.

(ii)      "*Releasing Parties*" means, individually and collectively: (i) each party to the RSA; (ii) each Holder of a Claim or Interest that opts in to the Third Party Release; and (iii) with respect to each of the foregoing Entities in

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

clauses (i) and (ii), such Entities' or Persons' successors, assigns, transferees, and such Entities' or Persons' officers and directors, agents, members, financial and other advisors, attorneys, employees, partners, affiliates, and representatives (in each case in their capacity as such), and any and all other entities who may purport to assert any cause of action by, through, for, or because of such Entities or Persons.

(iii)  "*Third-Party Released Parties*" means, collectively, each of, and in each case in its capacity as such, (a) the Debtors, (b) the Plan Sponsor, (c) the Subordinated Noteholders, (d) each Holder of a Claim or Interest that opts in to the Third Party Release to the extent they do not hold a Disputed Claim, (e) Professionals and (f) each of the Related Persons of each of the Entities in the foregoing clauses (a)-(e); provided, however, that in each case a person or entity shall not be a Third-Party Released Party if it objects to the Plan's release provisions.

**Note: This provision describes the releases that the Plan Proponents will seek under the Plan. This language has not been considered or approved by the Bankruptcy Court and remains subject to consideration at the Confirmation Hearing.**

**THIRD-PARTY RELEASES**

**Releases by Holders of Claims. As of the Effective Date, for good and valuable consideration, the Third-Party Released Parties are forever released (the "Third Party Release") by the Releasing Parties, and anyone claiming by or through the Releasing Parties, from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that the Releasing Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of and anyone claiming by or through the Releasing Parties, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the Chapter 11 Cases, the Plan, the RSA, the Confirmation Order, the Disclosure Statement or related agreements, instruments or other documents in the Chapter 11 Cases, except for any such act, omission, transaction, event or other occurrence that is determined by a Final Order to have constituted actual fraud, gross negligence or willful misconduct; provided, however, that the foregoing is not intended and shall not be deemed to be a release of (i) the Debtors' obligations pursuant to the Plan to Holders of Allowed Claims, or (ii) the rights of such Holders to enforce such obligations.**

**Each Person and Entity deemed to grant a release under Section 10.5(b) of the Plan shall be deemed to have granted such release notwithstanding that such Person or Entity may hereafter discover facts in addition to, or different from, those which such Person or Entity now knows or believes to be true, and without regard to the subsequent discovery or existence of such different or additional facts, and such Person or Entity expressly waives any and all rights that such Person or Entity may have under any statute or common law**

2

**principle, to the extent such section is applicable, which would limit the effect of such releases to those claims or causes of action actually known or suspected to exist at the time of Confirmation.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the releases set forth in Section 10.5(b) of the Plan, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Estate Release and Third Party Release are: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to the assertion of any Claim or Cause of Action released pursuant to the Debtor/Estate Release.**

**Third Party Release Opt-In Election (<u>Optional</u>).**

PLEASE TAKE NOTICE THAT you may affirmatively opt-in to the Third Party Release provision contained in Section 10.5(b) of the Plan and set forth above. In so doing, you will also be deemed a "Released Party" to the extent that you do not hold a Disputed Claim.

**IF YOU OPT IN TO THE THIRD-PARTY RELEASE PROVISIONS IN SECTION 10.5(B) OF THE PLAN BY PROPERLY AND TIMELY SUBMITTING THIS OPT IN ELECTION, YOU WILL BE DEEMED, AS OF THE EFFECTIVE DATE OF THE PLAN, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (TO THE EXTENT AND AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

| | |
|---|---|
| ☐ | **OPT IN** to the Third Party Release set forth in Section 10.5(b) of the Plan |

3