**Exhibit 5**

**Assumption Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1] | Case No. 26-10593 |
| Debtors. | (Joint Administration Requested) |

**NOTICE OF (I) POSSIBLE ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS OR UNEXPIRED LEASES, (II) FIXING CURE
AMOUNTS, AND (III) DEADLINE TO OBJECT THERETO**

**PLEASE TAKE NOTICE** that on April 26, 2026 (the "Petition Date"), Impac Mortgage Holdings, Inc. and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors," or the "Company"), filed voluntary petitions for relief pursuant to the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Joint Prepackaged Chapter 11 Plan of Reorganization of Impac Mortgage Holdings, Inc. and Affiliates Thereof* (as may be amended, supplemented or otherwise modified from time to time, the "Plan"),[2] in connection with the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Impac Mortgage Holdings, Inc. and Affiliates Thereof* (as may be amended, supplemented or otherwise modified from time to time, the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE** that the hearing at which the Court will consider approval of the Disclosure Statement and Confirmation of the Plan (the "Confirmation Hearing") will commence on **May 28, 2026 at 2:00 p.m. (prevailing Eastern Time)**, before the Honorable Craig T. Goldblatt, in the United States Bankruptcy Court for the District of Delaware. Additional information regarding the Confirmation Hearing is included in (i) the Notice of Commencement of Chapter 11 Cases, and (ii) the Notice of Confirmation Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan, which was previously served on you.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Plan. The summaries of the Plan and Disclosure Statement in this Notice are not precise or complete statements of all the terms and provisions of the Plan or documents referred to therein. If there is a discrepancy between this Notice and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE** that you are receiving this notice because the Debtors' records reflect that you are a party to an Executory Contract or Unexpired Lease to be assumed or assumed and assigned by the Debtors under the Plan. Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan.

**PLEASE TAKE FURTHER NOTICE** that receipt of this notice or the fact that an Executory Contract or Unexpired Lease is not included on the Rejection Schedule is not a guarantee that such Executory Contract or Unexpired Lease will ultimately be assumed or assumed and assigned. The Debtors have reserved the right to amend the Rejection Schedule following its filing as part of the Plan Supplement.

**PLEASE TAKE FURTHER NOTICE** that § 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption (the "Cure Cost"). Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in **Exhibit A** (the "Proposed Cure Schedule"). Please note that if no amount (or zero) is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that no cure amount is outstanding for such contract or lease. The Proposed Cure Schedule is preliminary and subject to change until the date of confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that any objections by an Executory Contract or Unexpired Lease counterparty to a proposed assumption, assumption and assignment, or related Cure Cost, on any grounds, including those set forth in § 365, must:

(a)   Be in writing;

(b)   Set forth with specificity: (i) the basis for any objection to the Cure Cost listed by the Debtors, which objection must set forth the amount that the counterparty contends that the Debtors must pay to assume or assume and assign the Executory Contract or Unexpired Lease; (ii) the basis for any objection to the ability of the Debtors to assume or assume and assign the Executory Contract or Unexpired Lease and, including pursuant to § 365(c) of the Bankruptcy Code; (iii) the basis for any objection to the Debtors' ability to provide adequate assurance of future performance under the Executory Contract or Unexpired Lease as required pursuant to § 365(b) of the Bankruptcy Code; (iv) any and all bases on which the objecting party asserts other or additional monetary amounts are required to be paid if the Executory Contract or Unexpired Lease is assumed or assumed and assigned pursuant to the Plan; and/or (v) the grounds for any other objection that may be raised under § 365 of the Bankruptcy Code or other applicable law to such assumption or assumption and assignment;

(c)   Comply with the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedures for the District of Delaware, and any other case management rules and orders of the Court; and

(d)      be served by personal service or by overnight delivery, so as to be **ACTUALLY RECEIVED no later than fourteen (14) days** after service of the Assumption Notice, by: (a) the Debtors, 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612 (*Attn*: Joe Joffrion, joe.joffrion@impacmail.com); (b) *proposed* counsel for the Debtors, (i) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Van C. Durrer II, van.durrer@dentons.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899 (Attn: Laura Davis Jones, ljones@pszjlaw.com, David M. Bertenthal, debertenthal@pszjlaw.com, and Timothy Cairns, tcairns@pszjlaw.com); (c) counsel for the Plan Sponsor, (i) Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020 (Attn: Daniel B. Besikof, dbesikof@lowenstein.com) and (ii) Morris Nichols Arsht & Tunnell, 1201 North Market Street, 16th Floor, Wilmington, DE 19801 (Attn: Curtis S. Miller, cmiller@morrisnichols.com); (d) the Office of the United States Trustee for the District of Delaware (Attn: Benjamin A. Hackman); and (e) any other party entitled to notice under Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Debtors' proposed assumption, or assumption and assignment, of an Executory Contract or Unexpired Lease, or the related proposed Cure Cost, that remains unresolved as of the Confirmation Hearing shall be heard at the Confirmation Hearing (or at a later date as fixed by the Court), provided that any such objection may be adjourned, in full or in part, by the Debtors to a later date by listing such adjournment in a notice of agenda or other notice filed on the docket of the Debtors' chapter 11 cases and served on the affected counterparty.

**PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the Cure Cost or (b) the potential assumption or assumption and assignment of any Executory Contract or Unexpired Lease is filed within fourteen (14) days after service of the Assumption Notice, then (i) you will be deemed to have stipulated that the Cure Cost as determined by the Debtors is correct and (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed assigned Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE** that any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption or assumption and assignment, or the proposed Cure Cost, will be deemed to have assented to such assumption or assumption and assignment, and the proposed Cure Cost.

**PLEASE TAKE FURTHER NOTICE** that assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time before the date that the Debtors or Reorganized Debtors assume such Executory Contract or Unexpired Lease. Any Proofs of Claim Filed with respect to an Executory Contract or Unexpired Lease that has been assumed shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Court.

**PLEASE TAKE FURTHER NOTICE** that if you would like to obtain a copy of the Disclosure Statement, the Plan, or related documents, you should contact Kurtzman Carson Consultants LLC, dba Verita Global, the notice and claims agent retained by the Debtors in these Chapter 11 Cases (the "Claims Agent"), by: (a) calling the Claims Agent at 866-967-0676 (U.S. & Canada) or 310-751-2676 (International); (b) visiting the Debtors' restructuring website at: https://www.veritaglobal.net/ImpacMortgage; (c) sending an electronic message to impacmortgageinfo@veritaglobal.com with "In re Impac Mortgage Holdings" in the subject line and requesting a copy be provided to you; or (d) contacting Debtors' *proposed* counsel, (i) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Van C. Durrer II, van.durrer@dentons.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899 (Attn: Laura Davis Jones, ljones@pszjlaw.com, David M. Bertenthal, debertenthal@pszjlaw.com, and Timothy Cairns, tcairns@pszjlaw.com). You may also obtain these documents and any other pleadings filed in the Debtors' Chapter 11 Cases (for a fee) *via* PACER at http://www.deb.uscourts.gov.

Dated: April 26, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (pro hac vice pending)
Timothy Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com
debertenthal@pszjlaw.com
tcairns@pszjlaw.com

-and-

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* pending)
Van C. Durrer, II (DE Bar No. 3827)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Tel:    (213) 623-9300
Email: tania.moyron@dentons.com
van.durrer@dentons.com

John D. Beck (*pro hac vice* pending)
Geoffrey M. Miller (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020
Tel:    (212) 768-6700

4

Email: john.beck@dentons.com
geoffrey.miller@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*