## Exhibit 1

## Motion

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10593<br><br>(Joint Administration Requested) |

**MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 AND FED. R. BANKR. P. 6003 AND 6004 FOR ENTRY OF INTERIM AND FINAL ORDERS (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF**

Impac Mortgage Holdings, Inc. and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors") under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code")[2] in these chapter 11 cases (the "Chapter 11 Cases"), by and through the undersigned counsel of record, hereby move (the "Motion") this Court, pursuant to §§ 105(a) and 366 and Bankruptcy Rules 6003 and 6004, for entry of an interim order (substantially in the form attached hereto as **Exhibit A**, the "Interim Order") and a final order (substantially in the form attached hereto as **Exhibit B**, the "Final Order," and together with the Interim Order, the "Orders"):  (i) approving the Debtors' proposed form of adequate assurance of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] All references to "§" or "section" herein are to sections of the Bankruptcy Code. All references to "Bankruptcy Rules" are to provisions of the Federal Rules of Bankruptcy Procedure. All references to "Local Rules" are to provisions of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware (the "Court").

US_ACTIVE\125353966

payment to the Utility Companies (as defined below); (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance provided by the Debtors; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on the basis of the commencement of these Chapter 11 Cases and/or any outstanding prepetition debts; (iv) scheduling a final hearing; and (v) granting related relief.  In support of the Motion, the Debtors rely upon and refer this Court to the *Declaration of George A. Mangiaracina In Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), and respectfully state as follows:

## I.      PRELIMINARY STATEMENT

1.      The Debtors receive essential utility services from certain Utility Companies (defined below).

2.      By this Motion, the Debtors seek to minimize disruption of utility services to their operations and ensure a smooth transition into chapter 11.  Specifically, the Debtors request approval of the form of adequate assurance of payment they will provide to their utility providers, a prepayment, and procedures to resolve any dispute that may arise relating to the adequate assurance.  The Debtors also request that the Court prohibit their utility providers from discontinuing or otherwise affecting the Debtors' services, subject to compliance with the proposed procedures.  These measures will ensure that the Debtors maintain essential utility services to their facilities at this critical juncture in their Chapter 11 Cases, prevent irreparable harm to the Debtors' estates, and, ultimately, provide the Debtors with an opportunity to reorganize or sell their business as a going concern.

3.      For these reasons, and as more fully explained below, the Debtors request that this Court grant the relief requested herein.

US_ACTIVE\125353966

## II.    JURISDICTION AND VENUE

4.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, and Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.    Venue of the Chapter 11 Cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.    The statutory bases for the relief requested herein are §§ 105(a) and 366, Bankruptcy Rules 2002, 6003, and 6004, and Local Rule 9013-1.

## III.    STATEMENT OF FACTS

### A.    The Chapter 11 Cases

7.    On the date hereof (the "Petition Date"), the Debtors each commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108.

8.    No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

9.    Additional information regarding the Debtors, including their business and the events leading to the commencement of these Chapter 11 Cases, is set forth in the First Day Declaration filed concurrently herewith.

3

**B.    The Debtors' Utility Companies and Utility Services**

10.    In the ordinary course of business, the Debtors obtain various essential utility services (collectively, the "Utility Services") from certain utility companies (collectively, the "Utility Companies"). A nonexclusive list of the Utility Companies is attached hereto as **Exhibit C** (the "Utility Services List").

11.    The Debtors pay the Utility Companies directly in the ordinary course of business for the Utility Services.  The Debtors also pay for certain other utility services indirectly though their lease of real property and through other vendor agreements. The Debtors rely on the Utility Companies to provide necessary support to their employees, vendors, and customers.  Preserving the Utility Services on an uninterrupted basis is essential to the Debtors' ongoing operations, and even a brief alteration or discontinuation of service would likely cause severe disruption to the Debtors' business.

12.    The Debtors have a consistent historical payment record with the Utility Companies.  To the best of the Debtors' knowledge, there are no defaults or arrearages of any significance for the Debtors' undisputed invoices for prepetition Utility Services, other than payment interruptions that may be caused by the commencement of these Chapter 11 Cases.  Prior to the Petition Date, the Debtors spent an average of approximately $17,200.00 each month for Utility Services.  Based on historical averages for Utility Services, the Debtors estimate that their cost of Utility Services for the next thirty days will be approximately $17,200.00.

**C.    Proposed Adequate Assurance of Payment**

13.    The Debtors intend to pay all post-petition obligations owed to the Utility Companies in a timely manner.  To provide the Utility Companies with adequate assurance pursuant to § 366, the Debtors propose to prepay each Utility Company for one month of Utility

4

US_ACTIVE\125353966

Services, calculated using the historical average for such payments during the twelve (12) months prior to the Petition Date (the "Utility Prepayment"). As of the Petition Date, the Debtors estimate that the total amount of the Utility Prepayment will be approximately $17,200.00.

14. The Debtors will transfer funds for the Utility Prepayment to the Utility Companies within ten (10) days after the Petition Date.

15. The Debtors may adjust the Utility Prepayment if the Debtors (ii) make other arrangements with certain Utility Companies for adequate assurance of payment, (ii) determine that an entity listed on the Utility Services List is not a utility company as defined by § 366, or (iii) supplement the Utility Services List to include additional Utility Companies.

16. If the Debtors terminate any of the Utility Services provided by a Utility Company, the Debtors request that they be permitted to recover a portion of the Utility Prepayment for any Utility Services not yet rendered by the Utility Company.

17. The Debtors submit that the Utility Prepayment, in conjunction with the Debtors' ability to pay for future Utility Services in the ordinary course of business (together, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Companies in full satisfaction of § 366.

**D.** **Proposed Adequate Assurance Procedures**

18. To balance the right of each Utility Company to evaluate the Proposed Adequate Assurance for itself and the harm to the Debtors' businesses that would result from any interruption in services provided by the Utility Companies, the Debtors propose the following adequate assurance procedures (the "Adequate Assurance Procedures") in the event that any Utility Company is not satisfied with the Proposed Adequate Assurance:

5

US_ACTIVE\125353966

a)   The Debtors will serve a copy of this Motion and the Interim Order on the Utility Companies on the Utility Services List within three (3) business days after entry of the Interim Order.

b)   Subject to entry of the Interim Order, the Debtors will pay the Utility Prepayment, in the aggregate amount of $17,200, to the Utility Companies within ten (10) days after the Petition Date.

c)   Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the following parties: (i) proposed counsel to the Debtors, (x) Dentons US LLC, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017-5704, Attn: Samuel R. Maizel (samuel.maizel@dentons.com) and Tania M. Moyron (tania.moyron@dentons.com), and (y) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com); (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801; (iii) counsel for the DIP Lenders, (x) Lowenstein Sandler, LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Daniel B. Besikof (DBesikof@lowenstein.com), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Fl., Wilmington, DE 19899-1347, Attn: Curtis Miller (cmiller@morrisnichols.com); and (iv) counsel for any official committee of unsecured creditors appointed in these Chapter 11 Cases.

d)   The Additional Assurance Request must:  (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for those location(s), and the outstanding balance for each account; (iii) explain why the Utility Company believes the Utility Prepayment is not adequate assurance of payment; and (iv) certify that the Utility Company does not already hold a deposit equal to or greater than one month of Utility Services provided by such Utility Company.

e)   An Additional Assurance Request may be made at any time.  If a Utility Company does not serve an Additional Assurance Request, the Utility Company will be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with § 366, and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance.

f)   Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will negotiate with the Utility Company to resolve the Utility Company's Additional Assurance Request.

6

US_ACTIVE\125353966

g)   The Debtors may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

h)   If the Debtors and the Utility Company are not able to reach an alternative resolution within thirty (30) days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to the particular Utility Company (the "Determination Hearing") pursuant to § 366(c)(3), unless the Debtors and the Utility Company agree in writing to extend the period.

i)   Pending resolution of the Additional Assurance Request and Determination Hearing, the Utility Company making the Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for services or on account of any objections to the Proposed Adequate Assurance.

j)   Notwithstanding anything in these procedures to the contrary, the Debtors will request a hearing (the "Final Adequate Assurance Hearing") to take place no later than thirty (30) days following the Petition Date to resolve outstanding objections to these procedures in the event any are timely filed.

E.   **Subsequent Modification of Utility Services List**

19.   Although the Debtors have made an extensive and good faith effort to identify all of the Utility Companies and include them on the Utility Services List, certain Utility Companies may not be listed therein.  To the extent the Debtors identify additional Utility Companies, the Debtors shall promptly file amendments to the Utility Services List and serve copies of the Interim or Final Order, as applicable, granting this Motion on any newly identified Utility Companies.  In addition, the Debtors will increase the amount of the Utility Prepayment to account for any newly identified Utility Companies.  The Debtors request that the Orders bind all Utility Companies, regardless of when the Utility Companies are added to the Utility Services List.

7

US_ACTIVE\125353966

## IV.    RELIEF REQUESTED

20.    Pursuant to §§ 105(a) and 366, and Bankruptcy Rules 6003 and 6004, the Debtors respectfully request the entry of the Orders:  (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Companies; (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance provided by the Debtors; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on the basis of the commencement of these Chapter 11 Cases and/or any outstanding prepetition debts; (iv) scheduling a final hearing; and (v) granting related relief.

## V.    BASIS FOR RELIEF

21.    The relief requested in this Motion will ensure the continuation of the Debtors' business at this critical juncture as they transition into chapter 11.  The relief requested also provides the Utility Companies with a fair and orderly procedure for determining requests for additional adequate assurance, without which the Debtors could be forced to address multiple requests by Utility Companies in a disorganized manner when the Debtors' efforts should be more productively focused on continuing to operate their businesses for the benefit of all parties in interest.

### A.    The Proposed Adequate Assurance Is More Than Adequate

22.    Pursuant to § 366, a utility company may not alter, refuse, or discontinue service to, or discriminate against, a debtor *solely* on the basis of the commencement of a chapter 11 case or unpaid prepetition amounts.  11 U.S.C. § 366(a).  However, a utility company may alter, refuse, or discontinue service if, during the first twenty days of a bankruptcy case, the debtor does not provide adequate assurance of payment for postpetition utility services; or if, during the first thirty

8

days of a chapter 11 case, the debtor does not provide adequate assurance of payment for postpetition utility services in a form satisfactory the utility company.  11 U.S.C. § 366(b), (c)(2).

23.     The policy underlying § 366 is to protect debtors from utility service cutoffs upon the filing of a bankruptcy case and provide utility companies[3] with adequate assurance that debtors will in fact pay for postpetition services.  *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6306; *see also In re Jones*, 369 B.R. 745, 748 (B.A.P. 1st Cir. 2007) ("The purpose of § 366 is 'to prevent the threat of termination from being used to collect pre-petition debts while not forcing the utility to provide services for which it may never be paid.'") (quoting *Begley v. Philadelphia Elec. Co. (In re Begley)*, 760 F.2d 46, 49 (3d Cir. 1985)).  As set forth herein, the Proposed Adequate Assurance requested in this Motion is consistent with these policy goals.

24.     Section 366(c)(1)(A) defines "assurance of payment" to mean several enumerated forms of security (e.g., a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment of utility consumption, or other mutually agreed upon security), while § 366(c)(1)(B) expressly excludes from such definition an administrative expense priority for a utility's claim.  11 U.S.C. § 366(c).  The Bankruptcy Code does not otherwise define what makes an assurance of payment "adequate," thereby placing such determination within the reasonable discretion of the bankruptcy court.  *See* 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment."), § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of

---

[3] "Utility" is not defined in the Bankruptcy Code.  However, bankruptcy courts have generally limited this to entities that have a "special relationship" with debtors, in that they provide the debtors with an essential service, for which the debtors have a need for continued access.  *See, e.g., Darby v. Time Warner Cable, Inc. (In re Darby)*, 470 F.3d 573 (5th Cir. 2006).

US_ACTIVE\125353966

an assurance of payment under paragraph (2)."); *accord In re Pac. Gas & Elec. Co.*, 271 B.R. 626, 644 (N.D. Cal. 2002) ("The use of the word 'may' in the second sentence [of § 366(b)] clearly contemplates that the decision whether to order security lies within the discretion of the Bankruptcy Court."); *In re Steinebach*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Bankruptcy courts are afforded reasonable discretion in determining what constitutes adequate assurance . . . .") (citation omitted). However, when determining "whether an assurance of payment is adequate," a bankruptcy court may *not* consider three specific factors: (a) whether the debtors had a prepetition deposit; (b) whether the debtors paid their utility bills on time prepetition; or (c) the administrative expense priority afforded utilities postpetition. 11 U.S.C. § 366(c)(3)(B).

25. Nothing in § 366(c), however, precludes a bankruptcy court from considering other factors that could minimize the amount of the deposit, including (without limitation): (a) the right of the utility to terminate service upon nonpayment (*see In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987) ("We note, in this regard, . . . that the Court of Appeals has stated . . . that a utility is well-protected, after establishment of adequate assurance, by its remedy 'to disconnect service as its remedy for non-payment' without 'recourse to the bankruptcy court,' 'even though . . . the debtor is provided with an additional layer of protection arising from any available state utility commission Regulations limiting a utility's termination rights.") (internal citations omitted)); (b) the chapter 11 estate's liquidity (*see In re Agrifos Fertilizer, L.P.*, No. 01-35220-H2-11, 2002 WL 32054779, at *5 (Bankr. S.D. Tex. Nov. 25, 2002) ("If a debtor demonstrates . . . evidence of post-petition liquidity, a deposit may not be necessary[.]") (citation omitted)); and (c) the estate's net worth and ability to pay their postpetition obligations (*see In re Best Prods. Co.*, 203 B.R. 51, 54 (Bankr. E.D. Va. 1996) ("[T]he court should consider the debtor's . . . net worth, and the debtor's present and future ability to pay post-petition obligations.") (citation omitted)).

26. Therefore, although § 366(c)(2) allows a utility company to take action if the debtor fails to provide adequate assurance of payment that the utility company deems "satisfactory," the bankruptcy court is the ultimate arbiter of what is "satisfactory" assurance after taking into consideration all the facts of the case, including the relationship between the debtor and the utility company. *See, e.g.*, *In re Penn. Cent. Transp. Co.*, 467 F.2d 100, 103-04 (3d Cir. 1972) (affirming the bankruptcy court's decision that no utility deposit was necessary where such deposits would "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already [were] reasonably protected"); *see also Heard v. City Water Board (In re Heard)*, 84 B.R. 454, 459 (Bankr. W.D. Tex. 1987) (holding that because the utility had not had any difficulty with the debtors during 14 years of service, "the utility need[ed] no adequate assurance"). Courts construing § 366(b) have long recognized that adequate assurance of payment does not constitute an absolute guarantee of the debtor's ability to pay. *See, e.g., In re Caldor, Inc.—NY*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires the Bankruptcy Court to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment.'") (citation omitted), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc.—NY*, 117 F.3d 646 (2d Cir. 1997) ("Caldor II"); *In re New Rochelle Tel. Corp.*, 397 B.R. 633, 639 (Bankr. E.D.N.Y. 2008) ("Adequate assurance, however, is not a guarantee of payment; rather, it is intended to guard against the utility assuming an unreasonable risk of non-payment.") (citation omitted); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) ("In determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment . . . .").

27. Thus, there is nothing to prevent a court from deciding, on the facts of the case before it, that the amount required of a debtor to provide adequate assurance of payment to a utility

11

company should be nominal or even zero. *See, e.g.*, *In re Pac-West Telecomm, Inc.*, No. 07-10562 (BLS) (Bankr. D. Del. May 2, 2007) [Docket No. 39] (approving adequate assurance in the form of a one-time supplemental prepayment to each utility company equal to the prorated amount of one week's charges).[4] Indeed, courts consider what is "need[ed] of the utility for assurance, and . . . require that the debtor supply *no more than that*, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Caldor II*, 117 F.3d at 650 (emphasis in original) (quoting *Penn Jersey*, 72 B.R. at 985); *see also Penn Cent.*, 467 F.2d at 103-04; *In re Magnesium Corp. of Am.*, 278 B.R. 698, 714 (Bankr. S.D.N.Y. 2002).

28.     Here, the Proposed Adequate Assurance is reasonable and satisfies the requirements of § 366.  As set forth above, the Debtors fully intend to pay all postpetition obligations owed to the Utility Providers.  The Debtors have a good historical payment record with the Utility Companies. To the best of the Debtors' knowledge, there are no material defaults or arrearages of any significance for the Debtors' undisputed invoices for prepetition Utility Services, other than payment interruptions that may be caused by the commencement of these Chapter 11 Cases.  Additionally, the Utility Companies are receiving the Utility Prepayment for one month's of Utility Services and an opportunity to be heard through the Adequate Assurance Procedures.  Accordingly, the Proposed Adequate Assurance is reasonable and satisfies § 366.

29.     Moreover, termination of the Utility Services could result in the Debtors' inability to operate their businesses to the detriment of all stakeholders.  *See In re Pilgrim's Pride Corp.*, No. 08-45664 (DML), 2009 WL 7313309, at *2 (Bankr. N.D. Tex. Jan 4, 2009) ("The consequences of an

---

[4] Prior to the enactment of § 366(c), courts frequently made parallel rulings pursuant to § 366(b).  *See Penn. Cent.*, 467 F.2d at 103-04 (affirming the bankruptcy court's decision that no utility deposit was necessary); *Caldor II*, 117 F.3d at 650 ("Even assuming that 'other security' should be interpreted narrowly, we agree with the appellees that a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under § 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'").

12

unexpected termination of utility service to [the debtors] could be catastrophic."); *In re Monroe Well Serv., Inc.*, 83 B.R. 317, 319, 322 (Bankr. E.D. Pa. 1988) (noting that without utility service the debtors would "cease operation" and that § 366 "was intended to limit the leverage held by utility companies, not increase it.").

**B.      The Adequate Assurance Procedures Are Reasonable and Appropriate**

30.      The proposed Adequate Assurance Procedures are reasonable because they will ensure that the essential Utility Services continue while providing a streamlined process for Utility Companies to challenge the adequacy of the Proposed Adequate Assurance or seek an alternative form of adequate assurance.

31.      As explained herein and in the First Day Declaration, continued and uninterrupted utility service is critical to the Debtors' operations and the success of these Chapter 11 Cases.  In contrast, pursuant to the Adequate Assurance Procedures proposed herein, the Utility Companies will not be prejudiced by continuing to provide their services to the Debtors postpetition.  If a Utility Company does not believe the Proposed Adequate Assurance is "satisfactory," such Utility Company may file an objection or submit an Additional Assurance Request pursuant to the Adequate Assurance Procedures proposed herein.

32.      The Court has the power to approve these Adequate Assurance Procedures pursuant to § 105(a), which provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  The Adequate Assurance Procedures are necessary and appropriate to carry out the provisions of the Bankruptcy Code, as they will ensure that the Utility Services are continued without prejudicing the Utility Companies.

33.     A list of other recent cases in which this Court has previously granted similar relief is set forth in paragraph **Error! Reference source not found.** above.

## VI.     COMPLIANCE WITH BANKRUPTCY RULE 6003 AND WAIVER <u>BANKRUPTCY RULES 6004(a) AND (h)</u>

34.     Lastly, the Debtors request that the Court determine that the relief requested in this Motion complies with Bankruptcy Rule 6003 and that waiver of Bankruptcy Rules 6004(a) and (h) is appropriate.

35.     Rule 6003 provides:

Unless relief is needed to avoid immediate and irreparable harm, the court must not, within 21 days after the petition is filed, grant an application or motion to: . . . (2) use, sell, or lease property of the estate, including a motion to pay all or a part of a claim that arose before the petition was filed; [or] (3) incur any other obligation regarding the property of the estate . . . .

Fed. R. Bankr. P. 6003(a)(2), (a)(3).

36.     The Third Circuit Court of Appeals has interpreted language similar to that used in Bankruptcy Rule 6003 in the context of preliminary injunctions.  In that context, irreparable harm has been interpreted as an immediate harm for which money damages cannot provide adequate compensation. *See, e.g., Norfolk S. Ry. Co. v. City of Pittsburgh*, 235 Fed. Appx. 907, 910 (3d Cir. 2007) (*citing Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)).  Further, the harm must be shown to be actual and imminent, not speculative or unsubstantiated.  *See, e.g., Acierno v. New Castle Cty.*, 40 F.3d 645, 653-55 (3d Cir. 1994).

37.     As described in this Motion and the First Day Declaration, the Debtors respectfully submit that the relief requested herein is necessary and appropriate to ensure a smooth transition into chapter 11, to retain essential Utility Services to continue operating in the ordinary course, to normalize and maintain existing relationships with the Debtors' Utility Companies during the turbulent early stages of these bankruptcy cases, and to preserve and maximize value for the benefit

14

of the Debtors' creditors. As set forth herein, the relief requested in this Utilities Motion is essential to those objectives.

38. As a result, the Debtors respectfully submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and seek authority to provide adequate assurance of payment to the Utility Companies in accordance with the procedures proposed herein.

39. The Debtors further seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[an] order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, the Debtors submit that granting this Motion is essential to prevent irreparable damage to the Debtors' operations, going-concern values, and their efforts to pursue a sale or restructuring of the businesses.

40. Accordingly, the relief requested herein is appropriate under the circumstances and under Bankruptcy Rules 6003 and 6004(h).

41. Finally, should the Court be inclined to grant the Motion, the Debtors also seek a waiver of the notice requirements under Bankruptcy Rule 6004(a).

## VII.    RESERVATION OF RIGHTS

42. Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claim or cause of action which may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under § 365. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not

15

intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

43.     The Debtors further reserve all rights to:  (a) supplement the Utilities Services List if it is determined that any Utility Company has been omitted; (b) challenge the status of any entity listed on the Utilities Services List as a "utility" falling within the scope of § 366; and (c) terminate any Utility Services at any time and to seek an immediate refund of any Utility Prepayment for Utility Services not yet rendered without giving effect to any right of setoff or recoupment or claim asserted by a Utility Company against the Debtors.

## VIII.    NOTICE

44.     The Debtors will serve notice of this Motion on:  (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the DIP Lenders; (iii) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (iv) the Utility Providers; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any Order entered in respect to this Motion as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## IX.    CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order: (i) granting the relief requested herein; and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

US_ACTIVE\125353966

Dated: April 26, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal
Timothy Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Tel:    (302) 652-4100
Email:  ljones@pszjlaw.com
           debertenthal@pszjlaw.com
           tcairns@pszjlaw.com

-and -

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* pending)
Van C. Durrer, II (DE Bar No. 3827)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Tel:    (213) 623-9300
Email:  tania.moyron@dentons.com
           van.durrer@dentons.com

John D. Beck (*pro hac vice* pending)
Geoffrey M. Miller (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020
Tel:    (212) 768-6700
Email:  john.beck@dentons.com
           geoffrey.miller@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*

17

# EXHIBIT A

(Proposed Interim Order)

US_ACTIVE\125353966

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1] | Case No. 26-10593 |
| | (Jointly Administered) |
| Debtors. | |

**INTERIM ORDER (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an interim order (this "Interim Order"), pursuant to §§ 105(a) and 366 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004: (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Companies; (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance provided by the Debtors; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on the basis of the commencement of these Chapter 11 Cases and/or any outstanding prepetition debts; and (iv) granting related relief, all as more fully set forth in the Motion; and the Court having determined that the remaining relief requested in the Motion is in the best interests of the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

US_ACTIVE\125353966

Debtors, their estates, creditors, and other parties in interest; and upon consideration of the First Day Declaration, and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), that the Debtors consent to entry of a final order under Article III of the United States Constitution, and venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.       The Motion is **GRANTED** on an interim basis, as set forth herein.

2.       All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

3.       The Proposed Adequate Assurance shall constitute adequate assurance of future payment as required by § 366.

4.       The Debtors shall pay the Utility Prepayment, in the aggregate amount of $17,200, to the Utility Companies within ten (10) days after the Petition Date.

5.       Subject to compliance with the procedures set forth in the Motion and this Interim Order, all Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Proposed Adequate Assurance, and are deemed to have received adequate assurance of payment in accordance with § 366.

2

US_ACTIVE\125353966

6.    The following Adequate Assurance Procedures are hereby approved:

a)    The Debtors will serve a copy of the Motion and this Interim Order on the Utility Companies on the Utility Services List, attached to the Motion as Exhibit C, within three (3) business days after entry of this Interim Order.

b)    The Debtors will pay the Utility Prepayment, in the aggregate amount of $17,200, to the Utility Companies within ten (10) days after the Petition Date.

c)    Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the following parties: (i) proposed counsel to the Debtors, (x) Dentons US LLC, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017-5704, Attn: Samuel Maizel (samuel.maizel@dentons.com) and Tania M. Moyron (tania.moyron@dentons.com), and (y) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com); (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801; (iii) counsel for the DIP Lenders, (x) Lowenstein Sandler, LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Daniel B. Besikof (DBesikof@lowenstein.com), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Fl., Wilmington, DE 19899-1347, Attn: Curtis Miller (cmiller@morrisnichols.com); and (iv) counsel for any official committee of unsecured creditors appointed in these Chapter 11 Cases.

d)    The Additional Assurance Request must: (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for those location(s), and the outstanding balance for each account; (iii) explain why the Utility Company believes the Utility Prepayment is not adequate assurance of payment; and (iv) certify that the Utility Company does not already hold a deposit equal to or greater than one month of Utility Services provided by such Utility Company.

e)    An Additional Assurance Request may be made at any time. If a Utility Company does not serve an Additional Assurance Request, the Utility Company will be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with § 366, and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance.

3

f) Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will negotiate with the Utility Company to resolve the Utility Company's Additional Assurance Request.

g) The Debtors may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

h) If the Debtors and the Utility Company are not able to reach an alternative resolution within thirty (30) days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to the particular Utility Company (the "Determination Hearing") pursuant to § 366(c)(3), unless the Debtors and the Utility Company agree in writing to extend the period.

i) Pending resolution of the Additional Assurance Request and Determination Hearing, the Utility Company making the Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

7. The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

8. The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of § 366, and the Debtors reserve all rights and defenses with respect thereto.

9. The Debtors are authorized to amend the Utility Services List to the extent the Debtors terminate the services of any Utility Company or identify additional Utility Companies and this Interim Order shall apply to any Utility Company that is added to the Utility Services List. The Debtors shall serve a copy of this Interim Order upon any Utility Company added to the Utility Services List prior to the entry of a final order.

4

US_ACTIVE\125353966

10.     The Debtors shall increase the amount of the Utility Prepayment if an additional Utility Company is added to the Utility Services List by an amount equal to one month of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the twelve months prior to the Petition Date.

11.     The Debtors may terminate the services of any Utility Company and amend the Utility Services List to reflect such termination.  The Debtors are authorized to recover a portion of the Utility Prepayment for any Utility Services not yet rendered by the terminated Utility Company.

12.     The relief granted herein is applicable to all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

13.     Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under § 365.

14.     The requirements of Bankruptcy Rule 6003(b) have been satisfied.

15.     Nothing in this Order shall be construed to authorize any payment not provided for in any budget approved pursuant to any interim or final order authorizing the use of cash collateral and/or debtor-in-possession financing.

5

16.     Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

17.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

18.     A hearing to consider entry of an order granting the relief requested in the Motion on a final basis will be held on _____ **at __ _.m. (prevailing Eastern Time)** and any objections or responses to the Motion must be in writing and filed with the Court by no later than _____ **at __ _.m. (prevailing Eastern Time)**, and served on the following parties:  (a) the Debtors; (b) proposed counsel to the Debtors, (i) Dentons US LLP, 601 S. Figueroa Street, #2500, Los Angeles, CA 90017, Attn:  Tania M. Moyron (tania.moyron@dentons.com) and Van C. Durrer, II (van.durrer@dentons.com), Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn:  Geoffrey Miller (geoffrey.miller@dentons.com), and (ii) proposed local counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com) and Timothy Cairns (tcairns@pszjlaw.com); ); (c) counsel to the official committee of unsecured creditors, if one is appointed; (d) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801; and (e) counsel for the DIP Lenders, (i) Lowenstein Sandler, LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Daniel B. Besikof (DBesikof@lowenstein.com), and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Fl., Wilmington, DE 19899-1347, Attn: Curtis Miller (cmiller@morrisnichols.com).

6

7

19.     This Court retains jurisdiction to enforce and implement the terms and provisions of this Interim Order and the Adequate Assurance Procedures and retains jurisdiction over any disputes with respect thereto.

20.     The Debtors are authorized to take any and all actions that are necessary to carry out the provisions of this Interim Order.

US_ACTIVE\125353966

# EXHIBIT B

(Proposed Final Order)

US_ACTIVE\125353966

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1] | Case No. 26-10593 |
| Debtors. | (Jointly Administered) |

**FINAL ORDER (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE
ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING
PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES,
(III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR
DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an final order (this "Final Order"), pursuant to §§ 105(a) and 366 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004:  (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Companies; (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance provided by the Debtors; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on the basis of the commencement of these Chapter 11 Cases and/or any outstanding prepetition debts; and (iv) granting related relief, all as more fully set forth in the Motion; and the Court having determined that the remaining relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties-in-interest;

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

US_ACTIVE\125353966

and upon consideration of the First Day Declaration, and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), that the Debtors consent to entry of a final order under Article III of the United States Constitution, and venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.      The Motion is **GRANTED** on a final basis, as set forth herein.

2.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

3.      The Proposed Adequate Assurance shall constitute adequate assurance of future payment as required by § 366.

4.      The Debtors shall pay the Utility Prepayment, in the aggregate amount of $17,200, to the Utility Companies within ten (10) days after the Petition Date.

5.      Subject to compliance with the procedures set forth in the Motion and this Final Order, all Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Proposed Adequate Assurance, and are deemed to have received adequate assurance of payment in accordance with § 366.

2

6. The following Adequate Assurance Procedures are hereby approved:

a) The Debtors will serve a copy of the Motion and this Final Order on the Utility Companies on the Utility Services List, attached to the Motion as Exhibit C, within three (3) business days after entry of this Final Order.

b) The Debtors will pay the Utility Prepayment, in the aggregate amount of $17,200, to the Utility Companies within ten (10) days after the Petition Date.

c) Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the following parties: (i) proposed counsel to the Debtors, (x) Dentons US LLC, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017-5704, Attn: Samuel Maizel (samuel.maizel@dentons.com) and Tania M. Moyron (tania.moyron@dentons.com), and (y) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com); (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801; (iii) counsel for the DIP Lenders, (x) Lowenstein Sandler, LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Daniel B. Besikof (DBesikof@lowenstein.com), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Fl., Wilmington, DE 19899-1347, Attn: Curtis Miller (cmiller@morrisnichols.com); and (iv) counsel for any official committee of unsecured creditors appointed in these Chapter 11 Cases.

d) The Additional Assurance Request must: (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for those location(s), and the outstanding balance for each account; (iii) explain why the Utility Company believes the Utility Prepayment is not adequate assurance of payment; and (iv) certify that the Utility Company does not already hold a deposit equal to or greater than one month of Utility Services provided by such Utility Company.

e) An Additional Assurance Request may be made at any time. If a Utility Company does not serve an Additional Assurance Request, the Utility Company will be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with § 366, and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance.

3

US_ACTIVE\125353966

f)    Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will negotiate with the Utility Company to resolve the Utility Company's Additional Assurance Request.

g)    The Debtors may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

h)    If the Debtors and the Utility Company are not able to reach an alternative resolution within thirty (30) days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to the particular Utility Company (the "Determination Hearing") pursuant to § 366(c)(3), unless the Debtors and the Utility Company agree in writing to extend the period.

i)    Pending resolution of the Additional Assurance Request and Determination Hearing, the Utility Company making the Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

7.    The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

8.    The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of § 366, and the Debtors reserve all rights and defenses with respect thereto.

9.    The Debtors are authorized to amend the Utility Services List to the extent the Debtors terminate the services of any Utility Company or identify additional Utility Companies and this Final Order shall apply to any Utility Company that is added to the Utility Services List. The Debtors shall serve a copy of this Final Order upon any Utility Company added to the Utility Services List.

4

10.     The Debtors shall increase the amount of the Utility Prepayment if an additional Utility Company is added to the Utility Services List by an amount equal to one month of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the twelve months prior to the Petition Date.

11.     The Debtors may terminate the services of any Utility Company and amend the Utility Services List to reflect such termination.  The Debtors are authorized to recover a portion of the Utility Prepayment for any Utility Services not yet rendered by the terminated Utility Company.

12.     The relief granted herein is applicable to all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

13.     Nothing in this Order shall be construed to authorize any payment not provided for in any budget approved pursuant to any interim or final order authorizing the use of cash collateral and/or debtor-in-possession financing.

14.     Nothing contained in the Motion, the Interim Order, or this Final Order, nor any payment made pursuant to the authority granted by the Interim Order or this Final Order, is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under § 365.

15.     The requirements of Bankruptcy Rule 6003(b) have been satisfied.

US_ACTIVE\125353966

6

16. Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

17. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

18. This Court retains jurisdiction to enforce and implement the terms and provisions of this Final Order and the Adequate Assurance Procedures and retains jurisdiction over any disputes with respect thereto.

19. The Debtors are authorized to take any and all actions that are necessary to carry out the provisions of this Final Order.

US_ACTIVE\125353966

**EXHIBIT C**

(Utility Services List)

| Provider Name | Provider Address | Account Number | Utility Type |
|---|---|---|---|
| AT&T | PO Box 5014 Carol Stream, IL 60197-5014 | 338896578 | Telecommunications |
| Dynascale Technologies, Inc. | 5940 S Rainbow Blvd Las Vegas, NV 89118 | 681660901 | Network/internet |