## Exhibit 2

## Interim Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered)<br><br>**Docket Ref Nos. 4, 22** |

**INTERIM ORDER GRANTING MOTION OF THE DEBTORS FOR ENTRY OF
INTERIM ORDER (I) ESTABLISHING NOTIFICATION PROCEDURES
AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF
AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO
INTERESTS IN THE DEBTORS AS OF THE PETITION DATE; (II) DIRECTING
THAT ANY VIOLATIONS OF THE PROCEDURES ARE VOID *AB INITIO*;
(III) SCHEDULING A FINAL HEARING TO CONSIDER APPROVAL OF THE
MOTION ON A FINAL BASIS; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (i) establishing certain notification and hearing Procedures to protect the potential value of the Debtors' Tax Attributes and approving restrictions on certain transfers of, and/or declarations of worthlessness with respect to, interests in the Debtors, including direct and indirect ownership of the Common Stock and any Options (within the meaning of applicable Treasury Regulations, as defined in the Motion) to acquire such stock, as of the Petition Date; (ii) directing that any purchase, sale, or other transfer of, or declaration of worthlessness with respect to Common Stock in violation of the Procedures shall be null and void *ab initio*; (iii) scheduling a final hearing within thirty (30) days of the commencement of these Chapter 11 Cases to consider approval of the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion on a final basis; and (iv) granting related relief, all as more fully set forth in the Motion [Docket No. 4]; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The provisions of this Interim Order shall be effective as of the Petition Date.

3. The Debtors' Tax Attributes are property of the Debtors' estates and are protected by § 362(a).

4. The restrictions, notification requirements, and other procedures attached hereto as **Exhibit 1** (the "Procedures") are hereby approved and shall apply on or after the filing of the Debtors' petitions to all acquisitions, dispositions, trading, or transfers of, or declarations of worthlessness with respect to, Beneficial Ownership of Common Stock (whether direct or indirect, and including Options to acquire Beneficial Ownership of Common Stock), as provided therein; *provided that* the Debtors, in consultation with the Disclosure Parties, may, in the event of a potential adverse impact on Tax Attributes, waive in writing any and all restrictions, stays, and notification procedures set forth in the Procedures.

5. Until further order of this Court to the contrary, any acquisition, disposition, trading, or transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock (whether

direct or indirect, and including Options to acquire Beneficial Ownership of Common Stock) on or after the filing of the Debtors' petitions in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under § 362 and pursuant to this Court's equitable powers under § 105(a).

6.      The notices substantially in the forms attached hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5**, and **Exhibit 6** are hereby approved.

7.      The notice substantially in the form attached hereto as **Exhibit 7** is approved (the "Notice of Interim Order").

8.      Within two (2) business days of the entry of this Interim Order, the Debtors shall (i) serve, or cause to be served, the Notice of Interim Order on: (a) the Office of the United States Trustee; (b) counsel for the Debtors' prepetition and postpetition secured lenders; (c) the Debtors' thirty largest unsecured creditors on a consolidated basis; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) the United States Attorney's Office for the District of Delaware; (g) any party that is entitled to notice pursuant to Local Rule 9013-1(m); (h) the transfer agent for the Common Stock; (i) each person or entity that has filed a Schedule 13D or Schedule 13G in respect of such holder's ownership of Common Stock since December 31, 2025; (j) any Substantial Stockholder; (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 or Local Rule 2002-1(b); and (l) the registered and nominee holders of Common Stock (served down to the beneficial owners of Common Stock) as of the Petition Date (collectively, the "Notice Parties"), (ii) publish the Notice of Interim Order once in the national edition of *The Wall Street Journal*, and (iii) post the Procedures to the website established by Kurtzman Carson Consultants LLC, dba Verita Global for these Chapter 11 Cases (which website address shall be identified in the Notice of Interim Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

9.      Nothing herein shall preclude any person or Entity desirous of acquiring, transferring, or claiming as worthless any Beneficial Ownership in Common Stock (whether direct or indirect, and including Options to acquire Beneficial Ownership of Common Stock) from requesting relief from this Interim Order, subject to the Debtors' or any other party in interest's rights to oppose such relief.

10. The relief granted in this Interim Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes and maintain the potential benefit of the L5 Exception; accordingly, other than to the extent this Interim Order expressly conditions or restricts acquisition, disposition, trading in, transfer of, or declarations of worthlessness with respect to Beneficial Ownership of Common Stock (whether direct or indirect, and including Options to acquire Beneficial Ownership of Common Stock), nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under the Debtors' chapter 11 plan or any applicable Court order.

11. Notice of the Motion, as provided therein, shall be deemed good and sufficient notice of such Motion, and the requirements of the Local Rules are satisfied by such notice.

12. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of, any claim held by any party.

13. Nothing in this Interim Order shall be construed to excuse compliance with applicable securities, corporate, or other laws, and the requirements set forth herein are in addition to such laws.

14. A hearing on the entirety of the relief requested in the Motion on a final basis shall be held on **May 22, 2026, at 3:30 p.m. (prevailing Eastern Time)**, and any objections or responses to the Motion shall be in writing, filed with this Court, and served upon (i) the Debtors; (ii) proposed counsel for the Debtors; (iii) counsel for any statutory committee of unsecured creditors appointed in these Chapter 11 Cases; and (iv) counsel for the Debtors' prepetition and postpetition secured lenders (collectively, the "Disclosure Parties"), in each case so as to be received no later than **5:00 p.m. (prevailing Eastern Time) on May 15, 2026**.

15. To the extent applicable, the requirements of Bankruptcy Rule 6003 are satisfied.

16. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon entry.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

18. This Interim Order shall remain in effect until subsequent forms of order related to the Motion are entered and shall be without prejudice to the rights of the Office of the United States Trustee for the District of Delaware or any other party in interest to object to the relief requested in the Motion.

19. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: April 28th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

**<u>EXHIBIT 1</u>**

(Procedures)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered) |

**NOTICES, RESTRICTIONS, AND OTHER PROCEDURES
REGARDING OWNERSHIP AND TRANSFERS OF, AND DECLARATIONS OF
WORTHLESSNESS WITH RESPECT TO, INTERESTS IN THE DEBTORS**

**TO ALL PERSONS OR ENTITIES THAT BENEFICIALLY OWN EQUITY INTERESTS
IN THE DEBTORS:**

       **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Granting Motion of the Debtors for Entry of Interim Order (I) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors as of the Petition Date; (II) Directing That Any Violations of the Procedures are Void Ab Initio; (III) Scheduling a Final Hearing to Consider Approval of the Motion on a Final Basis; and (IV) Granting Related Relief* dated [•], 2026 [Docket No. [•]] (with all exhibits attached thereto, the "Interim Order"),[2] entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), the following restrictions, notification requirements, and/or other procedures (collectively, the "Procedures") apply to any acquisition, disposition, trading, or transfer of, or declarations of worthlessness with respect to, Beneficial Ownership of Common

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used but not otherwise defined herein have the same meanings ascribed to them in the Interim Order or the Motion, as applicable.

Stock (whether direct or indirect, and including Options to acquire Beneficial Ownership of Common Stock):

**A.** **Common Stock Restrictions.**

i.      *Definitions*.  For purposes of these Procedures (including, for the avoidance of doubt, with respect to any acquisition, disposition, trading in, transfer of, or declaration of worthlessness), the following terms have the following meanings:

1.      "Common Stock" shall mean any common stock issued by Impac.

2.      "Option" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent, subject to vesting, or otherwise not currently exercisable.

3.      "Beneficial Ownership" of Common Stock and Options to acquire Common Stock shall be determined in accordance with the applicable rules of §§ 382 and 383 of the Tax Code, the regulations promulgated by the U.S. Department of the Treasury under the Tax Code (the "Treasury Regulations"), rulings issued by the Internal Revenue Service (the "IRS"), and the rules described herein, and shall include, without limitation: (A) direct, indirect, and constructive ownership, determined without regard to any rule that treats stock of an entity to which the constructive ownership rules apply as no longer owned by that entity (*e.g.*, a holding company would be considered to Beneficially Own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members, (C) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (D) ownership of an Option to acquire Beneficial Ownership of Common Stock.

4.      "Entity" shall mean any "entity" as such term is defined in Treasury Regulations § 1.382-3(a), including a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

5.      "Substantial Stockholder" shall mean any Entity or person that Beneficially Owns, or has Options to acquire, Common Stock which, in combination, and assuming full exercise

2

thereof, would total at least 1,645,000 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock as of December 31, 2025).

6.    "50-Percent Shareholder" shall mean any person or entity that, at any time since December 31, 2025, has owned Beneficial Ownership of fifty percent (50%) or more of the Common Stock, as determined in accordance with § 382(g)(4)(D) of the Tax Code and the applicable Treasury Regulations thereunder.

ii.    *Notice of Substantial Ownership.*   Any person or Entity that Beneficially Owns, at any time on or after the filing of the Debtors' petitions, Common Stock or Options in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with this Court and serve upon:  (i) the Debtors; (ii) proposed counsel for the Debtors; (iii) counsel for any statutory committee of unsecured creditors appointed in these Chapter 11 Cases; and (iv) counsel for the Debtors' prepetition and postpetition secured lenders (collectively, the "Disclosure Parties"), a notice of such person's or Entity's substantial ownership (a "Substantial Stock Ownership Notice"), in substantially the form attached to the Orders as **Exhibit 2**, which describes specifically and in detail such person's or Entity's Beneficial Ownership of Common Stock and Options, on or before the date that is the later of (x) ten (10) calendar days after entry of the order granting the requested relief or (y) ten (10) calendar days after such person or Entity qualifies as a Substantial Stockholder.  At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with this Court (but not the Substantial Stock Ownership Notice served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number.

iii.    *Acquisition of Common Stock.*   At least fourteen (14) calendar days prior to the proposed date of any transfer in Beneficial Ownership of Common Stock (including directly and indirectly, and including the grant or other acquisition of Options to acquire Beneficial Ownership of Common Stock) or exercise of any Option to acquire Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock Beneficially Owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Stockholder

3

(a "Proposed Acquisition Transaction"), such person, Entity, or Substantial Stockholder (a "Proposed Transferee") shall file with this Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate such Beneficial Ownership (an "Acquisition Notice"), in substantially the form attached to the Orders as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Proposed Transferee, the Acquisition Notice to be filed with this Court (but not the Acquisition Notice served upon the Disclosure Parties) may be redacted to exclude the Proposed Transferee's taxpayer identification number.

iv.     *Disposition of Common Stock.*  At least fourteen (14) calendar days prior to the proposed date of any transfer or other disposition in Beneficial Ownership of Common Stock (including directly and indirectly, and including Options to acquire Beneficial Ownership of Common Stock) that would result in either a decrease in the amount of Common Stock Beneficially Owned by a Substantial Stockholder or a person or Entity ceasing to be a Substantial Stockholder (a "Proposed Disposition Transaction"), such person, Entity, or Substantial Stockholder (a "Proposed Transferor") shall file with this Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer such Beneficial Ownership (a "Disposition Notice"), in substantially the form attached to the Orders as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction.  At the election of the Proposed Transferor, the Disposition Notice to be filed with this Court (but not the Disposition Notice served upon the Disclosure Parties) may be redacted to exclude the Proposed Transferor's taxpayer identification number.

v.     *Notice of Worthlessness of Common Stock.*  Any person or entity that currently is or becomes a 50-Percent Shareholder shall file with this Court and serve upon the Disclosure Parties a notice of such status (each, a "Notice of Status as a 50-Percent Shareholder"), in substantially the form attached to the Orders as **Exhibit 5**, on or before the later of (i) ten (10) calendar days after the date of the Notice of Emergency Order and (ii) ten (10) calendar days after becoming a 50-Percent Shareholder; *provided that*, for the avoidance of doubt, the other

4

procedures set forth herein shall apply to any 50-Percent Shareholder even if no Notice of Status as a 50-Percent Shareholder has been filed. Additionally, prior to filing any federal or state tax return, or any amendment thereto, or taking any other action that claims any deduction for worthlessness (a "Proposed Worthless Stock Deduction," and, together with a Proposed Acquisition Transaction and a Proposed Disposition Transaction, a "Proposed Transaction") of Beneficial Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of intent to claim a Proposed Worthless Stock Deduction (a "Notice of Intent to Claim a Worthless Stock Deduction" and, together with an Acquisition Notice and a Disposition Notice, a "Trading Notice"), in substantially the form attached to the Orders as **Exhibit 6**.

B.      **Objection Procedures**. The Debtors, in consultation with the Disclosure Parties, shall have ten (10) calendar days after the filing of a Trading Notice (the "Objection Period") to file with this Court and serve on a Proposed Transferee, a Proposed Transferor, or a 50-Percent Shareholder, as the case may be, an objection (each, an "Objection") to any Proposed Transaction described in such Trading Notice. If the Debtors file an Objection by the expiration of the Objection Period (the "Objection Deadline"), then the applicable Proposed Transaction shall not be effective unless approved by a final and nonappealable order of this Court. If the Debtors do not file an Objection by the Objection Deadline or if the Debtors provide written authorization to the Proposed Transferee, the Proposed Transferor, or the 50-Percent Shareholder, as the case may be, approving the Proposed Transaction prior to the Objection Deadline, then such Proposed Transaction may proceed solely as specifically described in the applicable Trading Notice. Any further Proposed Transaction must be the subject of an additional Trading Notice and Objection Period.

C.      **Notice Procedures**. As soon as reasonably practicable following entry of the Emergency Order, the Debtors shall serve, or cause to be served, a notice by first class mail, substantially in the form attached to the Emergency Order as **Exhibit 7** (the "Notice of Emergency

Order"), on: (a) the Office of the United States Trustee; (b) counsel for the Debtors' prepetition and postpetition secured lenders; (c) the Debtors' thirty largest unsecured creditors on a consolidated basis; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) the United States Attorney's Office for the District of Delaware; (g) any party that is entitled to notice pursuant to Local Rule 9013-1(m); (h) the transfer agent for the Common Stock; (i) each person or entity that has filed a Schedule 13D or Schedule 13G in respect of such holder's ownership of Common Stock since December 31, 2025; (j) any Substantial Stockholder; (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 or Local Rule 2002-1(b); and (l) the registered and nominee holders of Common Stock (served down to the beneficial owners of Common Stock) as of the Petition Date (collectively, the "Notice Parties").

No later than two (2) business days following entry of the Interim Order or the Final Order, as applicable, the Debtors shall (i) serve a notice by first class mail, substantially in the form attached to the applicable Order as **Exhibit 7** (the "Notice of Interim Order" or the "Notice of Final Order," as applicable), on the Notice Parties, (ii) publish such notice once in the national edition of *The Wall Street Journal*, and (iii) post the Procedures to the website established by Kurtzman Carson Consultants LLC, dba Verita Global for these Chapter 11 Cases.

All registered and nominee holders of Common Stock shall be required to serve the Notice of Emergency Order, the Notice of Interim Order, or the Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock, down the chain of ownership for all such holders of Common Stock. Any entity or individual, or any broker or agent acting on such entity's or individual's behalf, that sells Common Stock to another entity or individual shall be required to serve a copy of the Notice of Emergency Order, the Notice of Interim Order, or the Notice of Final Order, as applicable, on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

D.     **Noncompliance with the Procedures**. Any acquisition, disposition, trading, or transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock (whether direct or indirect, and including Options to acquire Beneficial Ownership of

Common Stock) in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under § 362 and pursuant to the Bankruptcy Court's equitable powers under § 105(a). Furthermore, any person or Entity that acquires, disposes of, trades in, or claims worthlessness deductions with respect to Beneficial Ownership of Common Stock (including directly and indirectly, and including Options to acquire Beneficial Ownership of Common Stock) in violation of the Procedures may be subject to sanctions as provided by law, including damages resulting from the violation of the automatic stay.

E. **Debtors' Right to Waive**. The Debtors may, in consultation with the Disclosure Parties, in the event of a potential adverse impact on Tax Attributes, waive, in writing, any and all restrictions, stays, and notification requirements contained in the Procedures.

**EXHIBIT 2**

(Notice of Substantial Stock Ownership)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered) |

**NOTICE OF SUBSTANTIAL STOCK OWNERSHIP**

**PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Granting Motion of the Debtors for Entry of Interim Order (I) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors as of the Petition Date; (II) Directing That Any Violations of the Procedures are Void Ab Initio; (III) Scheduling a Final Hearing to Consider Approval of the Motion on a Final Basis; and (IV) Granting Related Relief* dated [•], 2026 [Docket No. [•]] (with all exhibits attached thereto, the "Interim Order"),[2] entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), [Name of Filer] (the "Filer") hereby provides notice that, as of the date hereof, the Filer Beneficially Owns (including directly and indirectly):

(i) _____ shares of Common Stock, and/or

(ii) Options to acquire (directly or indirectly) _____ shares of Common Stock.

       **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is: _____.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used but not otherwise defined herein have the same meanings ascribed to such terms in **Exhibit 1** of the Interim Order, including "Beneficial Ownership" (and derivatives thereof).

**PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

1. For Common Stock and/or Options to acquire Beneficial Ownership of Common Stock that are owned directly by the Filer, the table sets forth: (i) the number of shares of Common Stock and/or the number of shares underlying Options Beneficially Owned by such Filer, and (ii) the date(s) on which such shares and/or Options were acquired (categorized by class, as applicable).

2. In the case of Common Stock and/or Options to acquire Beneficial Ownership of Common Stock that are not owned directly by the Filer but are nonetheless Beneficially Owned by the Filer, the table sets forth: (i) the name(s) of each record or legal owner of such shares of Common Stock and/or Options to acquire shares of Common Stock that are Beneficially Owned by the Filer, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options Beneficially Owned by such Filer, and (iii) the date(s) on which such Common Stock and/or Options were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares Beneficially Owned | Shares Underlying Options Beneficially Owned | Date(s) Acquired |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional pages if necessary.)

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, this Notice is being filed with the Court and served upon the Disclosure Parties in accordance with the Procedures.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and the accompanying attachments (if any), and, to the best of its knowledge, information, and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

3

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn:  [name of attorney]).]

Respectfully submitted,

By:  _____
[Signature]
Name:  _____
Title:  _____
Address:  _____
_____
_____
Telephone:  _____
Email:  _____
Date:  _____

3

**EXHIBIT 3**

(Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Common Stock)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered) |

## NOTICE OF INTENT TO PURCHASE, ACQUIRE,
## OR OTHERWISE ACCUMULATE COMMON STOCK

**PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Granting Motion of the Debtors for Entry of Interim Order (I) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors as of the Petition Date; (II) Directing That Any Violations of the Procedures are Void Ab Initio; (III) Scheduling a Final Hearing to Consider Approval of the Motion on a Final Basis; and (IV) Granting Related Relief* dated [•], 2026 [Docket No. [•]] (with all exhibits attached thereto, the "Interim Order"),[2] entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), [Name of Filer] (the "Filer") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate Beneficial Ownership (including directly and indirectly) of one or more shares of Common Stock and/or Options to acquire Beneficial Ownership of Common Stock and/or (ii) a proposed purchase or acquisition of Beneficial Ownership of Common Stock and/or Options to acquire Beneficial Ownership of Common Stock that would result in an increase in the number of shares of Common Stock and/or the number of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used but not otherwise defined herein have the same meanings ascribed to such terms in **Exhibit 1** of the Interim Order, including "Beneficial Ownership" (and derivatives thereof).

shares of Common Stock underlying Options that are Beneficially Owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "Proposed Transfer").

        **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is: _____.

        **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

        1.     If the Proposed Transfer involves the purchase or acquisition by the Filer of Beneficial Ownership of Common Stock and/or Options to acquire Beneficial Ownership of Common Stock, the table sets forth (i) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired, and (ii) the date(s) of such Proposed Transfer (categorized by class, as applicable).

        2.     If the Proposed Transfer involves the purchase or acquisition in the Beneficial Ownership of Common Stock and/or Options to acquire Beneficial Ownership of Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are Beneficially Owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock and/or Options, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired (directly or indirectly), and (iii) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired (Directly or Indirectly) | Shares Underlying Options to be Purchased or Acquired (Directly or Indirectly) | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional pages if necessary.)

2

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's Beneficial Ownership of Common Stock and/or Options to acquire Beneficial Ownership of Common Stock assuming that the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (i) that would be owned <u>directly</u> by the Filer and, (ii) in the case of any Beneficial Ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional pages if necessary.)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a purchase or acquisition of Beneficial Ownership of Common Stock and/or Options to acquire Beneficial Ownership of Common Stock by the Filer and such Proposed Transfer would result in (a) an increase in the Beneficial Ownership of Common Stock and/or Options to acquire Beneficial Ownership of Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (b) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are Beneficially Owned by such person or Entity currently (*i.e.*, prior to the Proposed Transfer), and (iii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be Beneficially Owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

3

| Class | Name of Beneficial Owner | Shares Owned Currently (Directly or Indirectly) | Shares to Be Owned Following Proposed Transfer (Directly or Indirectly) | Shares Underlying Options Owned Currently (Directly or Indirectly) | Shares Underlying Options to Be Owned Following Proposed Transfer (Directly or Indirectly) |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional pages if necessary.)

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, this Notice is being filed with the Court and served upon the Disclosure Parties in accordance with the Procedures.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and the accompanying attachments (if any), and, to the best of its knowledge, information, and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

By: _____
[Signature]
Name: _____
Title: _____
Address: _____
_____
_____
Telephone: _____
Email: _____
Date: _____

4

# EXHIBIT 4

(Notice of Intent to Sell, Trade, or Otherwise Transfer Common Stock)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered) |

## NOTICE OF INTENT TO SELL, TRADE, OR
## OTHERWISE TRANSFER COMMON STOCK

**PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Granting Motion of the Debtors for Entry of Interim Order (I) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors as of the Petition Date; (II) Directing That Any Violations of the Procedures are Void Ab Initio; (III) Scheduling a Final Hearing to Consider Approval of the Motion on a Final Basis; and (IV) Granting Related Relief* dated [•], 2026 [Docket No. [•]] (with all exhibits attached thereto, the "Interim Order"),[2] entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), [Name of Filer] (the "Filer") hereby provides notice of (i) its intention to sell, trade, or otherwise transfer or dispose of Beneficial Ownership (including directly and indirectly) of one or more shares of Common Stock and/or Options to acquire Beneficial Ownership of Common Stock and/or (ii) a proposed sale, transfer, or disposition in Beneficial Ownership of Common Stock and/or Options to acquire Beneficial Ownership of Common Stock that would result in a decrease in the number of shares of Common Stock and/or the number of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used but not otherwise defined herein have the same meanings ascribed to such terms in **Exhibit 1** of the Interim Order, including "Beneficial Ownership" (and derivatives thereof).

shares of Common Stock underlying Options to acquire Common Stock that are Beneficially Owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "Proposed Transfer").

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is: _____.

**PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

1.      If the Proposed Transfer involves the sale, transfer, or disposition by the Filer of Beneficial Ownership of Common Stock and/or Options to acquire Beneficial Ownership of Common Stock, the table sets forth (i) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be sold, transferred, or disposed of, and (ii) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2.      If the Proposed Transfer involves the sale, transfer or disposition of the Beneficial Ownership of Common Stock and/or Options to acquire Beneficial Ownership of Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are Beneficially Owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock and/or Options, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be so sold, transferred, or disposed of (directly or indirectly), and (iii) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Transferor | Shares to Be Sold, Transferred, or Disposed Of (Directly or Indirectly) | Shares Underlying Options to Be Sold, Transferred, or Disposed Of (Directly or Indirectly) | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional pages if necessary.)

2

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's Beneficial Ownership of Common Stock and/or Options to acquire Beneficial Ownership of Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any Beneficial Ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional pages if necessary.)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a sale, transfer, or disposition of Beneficial Ownership of Common Stock and/or Options to acquire Beneficial Ownership of Common Stock by the Filer and such Proposed Transfer would result in (a) an increase in the Beneficial Ownership of Common Stock and/or Options to acquire Beneficial Ownership of Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (b) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are Beneficially Owned by such person or Entity currently (*i.e.*, prior to the Proposed Transfer), and (iii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be Beneficially Owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

3

| Class | Name of Beneficial Owner | Shares Owned Currently (Directly or Indirectly) | Shares to Be Owned Following Proposed Transfer (Directly or Indirectly) | Shares Underlying Options Owned Currently (Directly or Indirectly) | Shares Underlying Options to Be Owned Following Proposed Transfer (Directly or Indirectly) |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional pages if necessary.)

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, this Notice is being filed with the Court and served upon the Disclosure Parties in accordance with the Procedures.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and the accompanying attachments (if any), and, to the best of its knowledge, information, and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn:  [name of attorney]).]

Respectfully submitted,

By: _____
[Signature]
Name: _____
Title: _____
Address: _____
_____
_____
Telephone: _____
Email: _____
Date: _____

4

# EXHIBIT 5

(Notice of Status as a 50-Percent Shareholder)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered) |

**NOTICE OF STATUS AS A 50-PERCENT SHAREHOLDER**

**PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Granting Motion of the Debtors for Entry of Interim Order (I) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors as of the Petition Date; (II) Directing That Any Violations of the Procedures are Void Ab Initio; (III) Scheduling a Final Hearing to Consider Approval of the Motion on a Final Basis; and (IV) Granting Related Relief* dated [•], 2026 [Docket No. [•]] (with all exhibits attached thereto, the "Interim Order"),[2] entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), [Name of Filer] (the "Filer") hereby provides notice that, as of the date hereof, the Filer is/has become a 50-Percent Shareholder with respect to one or more shares of existing classes (or series) of the Common Stock.

**PLEASE TAKE FURTHER NOTICE** that as of [DATE], 2025, the Filer Beneficially Owns (including directly and indirectly): _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is: _____ .

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used but not otherwise defined herein have the same meanings ascribed to such terms in **Exhibit 1** of the Interim Order, including "Beneficial Ownership" (and derivatives thereof).

**PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

1.      For Common Stock that are owned directly by the Filer, the table sets forth:  (i) the number of shares of Common Stock Beneficially Owned by such Filer, and (ii) the date(s) on which such shares were acquired (categorized by class, as applicable).

2.      In the case of Common Stock that are not owned directly by the Filer but are nonetheless Beneficially Owned by the Filer, the table sets forth:  (i) the name(s) of each record or legal owner of such shares of Common Stock that are Beneficially Owned by the Filer, (ii) the number of shares of Common Stock Beneficially Owned by such Filer, and (iii) the date(s) on which such Common Stock were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares Beneficially Owned | Date(s) Acquired |
|---|---|---|---|
| Common Stock | | | |

(Attach additional pages if necessary.)

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, this Notice is being filed with the Court and served upon the Disclosure Parties in accordance with the Procedures.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and the accompanying attachments (if any), and, to the best of its knowledge, information, and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn:  [name of attorney]).]

2

Respectfully submitted,

By: _____
[Signature]
Name: _____
Title: _____
Address: _____
_____
_____
Telephone: _____
Email: _____
Date: _____

3

**EXHIBIT 6**

(Notice of Intent to Claim a Worthless Stock Deduction)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered) |

## NOTICE OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

**PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Granting Motion of the Debtors for Entry of Interim Order (I) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors as of the Petition Date; (II) Directing That Any Violations of the Procedures are Void Ab Initio; (III) Scheduling a Final Hearing to Consider Approval of the Motion on a Final Basis; and (IV) Granting Related Relief* dated [•], 2026 [Docket No. [•]] (with all exhibits attached thereto, the "Interim Order"),[2] entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), [Name of Filer] (the "Filer") hereby provides notice that, as of the date hereof, the Filer, who is/has become a 50-Percent Shareholder with respect to one or more shares of existing classes (or series) of the Common Stock, intends to claim a worthless stock deduction (the "Worthless Stock Deduction") with respect to one or more shares of the existing classes (or series) of the Common Stock or any Beneficial Ownership therein.

**PLEASE TAKE FURTHER NOTICE** that as of [DATE], 2025, the Filer Beneficially Owns (including directly and indirectly): _____ shares of Common Stock.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used but not otherwise defined herein have the same meanings ascribed to such terms in **Exhibit 1** of the Interim Order, including "Beneficial Ownership" (and derivatives thereof).

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is: _____ .

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on [DATE], 2026, the Filer filed a Notice of Status as a 50-Percent Shareholder with the Bankruptcy Court and served copies thereof on the Disclosure Parties in accordance with the Procedures.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Worthless Stock Deduction, the Filer proposes to declare that _____ shares of Common Stock became worthless during the tax year ending _____ .

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, this Notice is being filed with the Court and served upon the Disclosure Parties in accordance with the Procedures.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and the accompanying attachments (if any), and, to the best of its knowledge, information, and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

By: _____
[Signature]
Name: _____
Title: _____
Address: _____
_____
_____
Telephone: _____
Email: _____
Date: _____

2

# **EXHIBIT 7**

(Notice of Interim Order)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered) |

**NOTICE OF INTERIM ORDER GRANTING MOTION OF THE DEBTORS FOR ENTRY OF INTERIM ORDER (I) ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO INTERESTS IN THE DEBTORS AS OF THE PETITION DATE; (II) DIRECTING THAT ANY VIOLATIONS OF THE PROCEDURES ARE VOID *AB INITIO*; (III) SCHEDULING A FINAL HEARING TO CONSIDER APPROVAL OF THE MOTION ON A FINAL BASIS; AND (IV) GRANTING RELATED RELIEF**

**ATTENTION DIRECT OR INDIRECT HOLDERS, AND PROSPECTIVE HOLDERS, OF STOCK ISSUED BY THE DEBTORS:**

Upon consideration of the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), on [DATE], 2026, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re Impac Mortgage Holdings, Inc., et al.*, No. [•] (the "Chapter 11 Cases"), entered the *Interim Order Granting Motion of the Debtors for Entry of Interim Order (I) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors as of the Petition Date; (II) Directing That Any Violations of the Procedures are Void Ab Initio; (III) Scheduling a Final Hearing to Consider Approval of the Motion on a Final Basis; and (IV) Granting Related Relief* [Docket No. [•]] (with

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

all exhibits attached thereto, the "Interim Order")[2] which established procedures (the "Procedures")

with respect to transfers in the beneficial ownership (including direct and indirect) of the Common Stock and

Options to acquire Beneficial Ownership of Common Stock, and scheduled a hearing on a final basis with

respect to such Procedures.

In certain circumstances, the Procedures restrict transactions and declarations of worthlessness involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that either (a) (i) is a Substantial Stockholder of the Common Stock, or (ii) as a result of such a transaction, would become a Substantial Stockholder of the Common Stock, or (b) is a 50-Percent Shareholder.  For purposes of the Procedures, a "Substantial Stockholder" is any person or entity (within the meaning of applicable regulations promulgated by the U.S. Department of the Treasury, including certain persons making a coordinated acquisition of stock) that beneficially owns (including options to acquire, assuming full exercise thereof, and including direct or indirect ownership and ownership by a holder's family members) in total at least 1,645,000 shares of Common Stock (representing approximately 4.5%) of all issued and outstanding shares of Common Stock as of December 31, 2025); and "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2025, has owned Beneficial Ownership of fifty percent (50%) or more of the Common Stock, as determined in accordance with § 382(g)(4)(D) of the Tax Code and the applicable Treasury Regulations thereunder.  ***Any prohibited acquisition, disposition, trading in, transfer of, or declaration of worthlessness with respect to Common Stock (including Options to acquire Beneficial Ownership of Common Stock) will be null and void*** ab initio ***and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.***

**The Procedures, as approved on an interim basis and as requested on a final basis, are available on the website of Kurtzman Carson Consultants LLC, dba Verita Global, the Debtors' proposed claims agent, located at https://www.veritaglobal.net/ImpacMortgage,**

---

[2] Capitalized terms used but not otherwise defined herein have the same meanings ascribed to such terms in the Interim Order or the Motion, as applicable.

and on the docket of the Chapter 11 Cases, Docket No.[•], which can be accessed via PACER at **https://www.pacer.gov**.

A direct or indirect holder, or prospective holder, of Common Stock that may be or become a Substantial Stockholder or a 50-Percent Shareholder should consult the Procedures.

**PLEASE TAKE NOTICE** that a final hearing on the Motion shall be held on **May 22, 2026, at 3:30 p.m. (prevailing Eastern Time)**, and any objections or responses to the Motion shall be in writing, filed with the Bankruptcy Court (with a copy delivered to Chambers), and served upon (i) the Debtors; (ii) proposed counsel for the Debtors; (iii) counsel for any statutory committee of unsecured creditors appointed in these Chapter 11 Cases; and (iv) counsel for the Debtors' prepetition and postpetition secured lenders, in each case so as to be received no later than **5:00 p.m. (prevailing Eastern Time) on May 15, 2026**.

**PLEASE TAKE NOTICE** that the requirements set forth in the Procedures are in addition to the requirements of applicable securities, corporate, and other laws and do not excuse non-compliance therewith.

| | |
|---|---|
| Dated: _____, 2026<br>Wilmington, DE | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>*/s/* _____<br>Laura Davis Jones (DE Bar No. 2436)<br>David M. Bertenthal<br>Timothy Cairns (DE Bar No. 4228)<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19899<br>Tel:    (302) 652-4100<br>Email: ljones@pszjlaw.com<br>           debertenthal@pszjlaw.com<br>           tcairns@pszjlaw.com<br><br>-and-<br><br>**DENTONS US LLP**<br><br>Tania M. Moyron (*pro hac vice* pending)<br>Van C. Durrer, II (DE Bar No. 3827) |

601 S. Figueroa Street #2500
Los Angeles, CA 90017
Tel:     (213) 623-9300
Email: tania.moyron@dentons.com
            van.durrer@dentons.com

John D. Beck (*pro hac vice* pending)
Geoffrey M. Miller (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020
Tel:     (212) 768-6700
Email: john.beck@dentons.com
            geoffrey.miller@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*