# Exhibit 2

## Signed Order

4899-9824-2214.1 40173.00001

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC.,<br>*et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered) |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I)
SCHEDULING A COMBINED DISCLOSURE STATEMENT APPROVAL AND PLAN
CONFIRMATION HEARING, (II) ESTABLISHING PLAN AND DISCLOSURE
STATEMENT OBJECTION AND REPLY DEADLINES AND RELATED
PROCEDURES, (III) APPROVING THE PREPETITION SOLICITATION
PROCEDURES, (IV) APPROVING THE NOTICE OF COMMENCEMENT &
CONFIRMATION HEARING NOTICE, AND FINDING NOTICE SUFFICIENT, (V)
APPROVING NOTICE AND OBJECTION PROCEDURES FOR THE ASSUMPTION
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (VI) WAIVING THE
REQUIREMENT OF FILING SCHEDULES, STATEMENTS OF FINANCIAL
AFFAIRS, RULE 2015.3 REPORTS AND SECTION
341 MEETING OF CREDITORS, AND (VII) GRANTING RELATED RELIEF**

Upon the motion [Docket No. 15] (the "Motion")[2] of the Debtors for entry of an order (this

"Order"), pursuant to §§ 105, 1107, 1108, 1125, 1126, 1128, and 1129 of the Bankruptcy Code,

Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and 9006, and Local Rules 2002-1 and 3017-1,

(i) scheduling a combined disclosure statement approval and plan confirmation hearing, (ii)

establishing plan and disclosure statement objection and reply deadlines and related procedures,

(iii) approving the prepetition solicitation procedures, (iv) approving the combined hearing notice,

(v) approving notice and objection procedures for the assumption of executory contracts and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Plan, as applicable.

unexpired leases, (vi) waiving the requirement of filing Schedules, Statements of Financial Affairs, Rule 2015.3 reports and § 341 meeting of creditors, and (vii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and venue of these proceedings and the Motion in this District being proper under 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding under 28 U.S.C. § 157(b)(2)(A); and due and proper notice of the Motion having been given to the parties listed therein; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"); and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest in these cases; and after due deliberation and sufficient cause appearing therefor

IT IS HEREBY ORDERED THAT:

1.      The relief requested in the Motion is hereby granted as set forth herein.

2.      The Confirmation Hearing, at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held on **May 28, 2026, at 2:00 p.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time by this Court without further notice other than adjournments announced in open court or in the filing of a notice or hearing agenda in these Chapter 11 Cases, and notice of such adjourned date(s) will be available on the electronic case filing docket.

3.      Any responses or objections to adequacy of the Disclosure Statement or confirmation of the Plan must have been received as set forth in paragraph 4 of this Order by **May 21, 2026, at 4:00 p.m. (prevailing Eastern Time)**.

4.      Any responses or objections to (i) the adequacy of the Disclosure Statement, (ii) confirmation of the Plan, or (iii) the assumption of Executory Contracts and Unexpired Leases, must:

    a.  be in writing;

    b.  comply with the Bankruptcy Rules and the Local Rules;

    c.  state the name and address of the objecting party and the amount and nature of the Claim or Interest owned by such entity;

    d.  state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Disclosure Statement or Plan, as applicable, that would resolve such objections; and

    e.  be filed with the Court and served so as to be actually received no later than **May 21, 2026, at 4:00 p.m. (prevailing Eastern Time)**, by: (a) the Debtors, 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612 (*Attn*: Joe Joffrion, joe.joffrion@impacmail.com); (b) proposed counsel for the Debtors, (i) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Van C. Durrer II, van.durrer@dentons.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899 (Attn: Laura Davis Jones, ljones@pszjlaw.com, David M. Bertenthal, debertenthal@pszjlaw.com, and Timothy Cairns, tcairns@pszjlaw.com); (c) counsel for the Plan Sponsor, (i) Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020 (Attn: Daniel B. Besikof, dbesikof@lowenstein.com) and (ii) Morris Nichols Arsht & Tunnell, 1201 North Market Street, 16th Floor, Wilmington, DE 19801 (Attn: Curtis S. Miller, cmiller@morrisnichols.com); (d) the Office of the United States Trustee for the District of Delaware (Attn: Benjamin A. Hackman); and (e) any other party entitled to notice under Bankruptcy Rule 2002.

5.      Any brief in support of confirmation of the Plan or any reply to any objections to confirmation of the Plan or the adequacy of the Disclosure Statement must be filed by **May 26, 2026**. To the extent applicable, Local Rule 9006-1 is hereby waived in its entirety.

6.     Any objections not timely filed and served in the manner set forth in this Order may, in the Court's discretion, not be considered and may be overruled.

7.     The Proposed Confirmation Schedule, as set forth below relating to confirmation of the Plan and approval of the Disclosure Statement, is hereby approved in its entirety, and the Court hereby finds that the following schedule of events is consistent with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

| Event or Deadline | Date and Time | Description |
| --- | --- | --- |
| Voting Record Date[3] | April 22, 2026 | The date for determining (i) which holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan, opt-in to the Third-Party Release, and receive Solicitation Packages in connection therewith, (ii) which holders of Claims and Interests in the Non-Voting Classes are entitled to opt-in to the Third-Party Release, and (iii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the respective Claim. |
| Filing of Plan & Disclosure Statement | Petition Date | |
| Confirmation Hearing | May 28, 2026, at 2:00 p.m. (prevailing Eastern Time) | The date for the hearing at which the Court will consider confirmation of the Plan and final approval of the Disclosure Statement. |
| Publication Deadline | Two (2) business days following entry of the Confirmation Procedures Order (or as soon as reasonably practicable thereafter) | The last date by which the Debtors will submit the Notice of Commencement & Confirmation Hearing Notice in a format modified for publication. |
| Plan Supplement Filing Date | May 14, 2026 | The date by which the Debtors shall file the Plan Supplement. |

---

[3] The "Voting Record Date" is the date as of which a holder of record of a claim or interest entitled to vote on the Plan must have held such claim or interest to cast a vote to accept or reject the Plan.

| Event or Deadline | Date and Time | Description |
|---|---|---|
| Confirmation Objection Deadline | May 21, 2026 (at 4:00 p.m. prevailing Eastern Time) | The deadline by which objections to confirmation of the Plan and final approval of the Disclosure Statement must be filed with the Court and served so as to be **actually received** by the appropriate notice parties. |
| Opt-In Deadline | May 21, 2026 (at 4:00 p.m. prevailing Eastern Time) | The deadline by which all opt-in forms (the "Opt-In Forms") must be properly executed, completed, and electronically submitted so that they are **actually received** by the Claims Agent. |
| Deadline to File Voting and Opt-In Results | May 26, 2026 | The deadline by which the Claims Agent shall file the voting and opt-in results. |
| Confirmation Brief and Plan and Disclosure Statement Objection Reply Deadline | May 26, 2026 | The deadline by which the Debtors shall file their brief in support of confirmation of the Plan and deadline by which replies to objections to confirmation of the Plan and final approval of the Disclosure Statement must be filed with the Court. |

8.      The Debtors are authorized to combine the notice of the Confirmation Hearing and the Objection Deadline (and related procedures) with the notice of the commencement of the Chapter 11 Cases.

9.      The Notice of Commencement & Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 3**, and service thereof comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved as sufficient and appropriate notice of the Confirmation Hearing under the circumstances. The Debtors shall cause the Claims Agent to serve a copy of the Notice of Commencement & Confirmation Hearing Notice by no later than one business day, or as soon as reasonably practicable, after entry of this Order.

10.     The Debtors are authorized to mail the Notice of Commencement & Confirmation Hearing Notice to the Non-Voting Holders, in accordance with the terms of this Order, in lieu of sending such Non-Voting Holders a copy of the Plan or the Disclosure Statement and, except to the extent necessary to comply with Local Rule 3017-1(c), the requirements under the Bankruptcy

5

Rules or the Local Rules, including Bankruptcy Rule 3017(d), to transmit a copy of the Plan and the Disclosure Statement to Non-Voting Holders are hereby waived with respect to such Non-Voting Holders; *provided*, *however*, that the Debtors will do so upon request from such parties; *provided*, *further*, that the Debtors may supplement such service of the Notice of Commencement & Confirmation Hearing Notice by e-mail to the Non-Voting Holders.

11.     The Debtors are authorized, but not directed, pursuant to Bankruptcy Rule 2002(a), to publish the Publication Notice, substantially in the form attached hereto as **Exhibit 4**, as soon as reasonably practicable following the entry of this Order in the *Wall Street Journal* or another nationally circulated newspaper and/or regional newspapers and electronically on the Debtors' restructuring website maintained by the Claims Agent, and file the same on this Court's docket, which Publication Notice shall constitute good and sufficient notice of the Confirmation Hearing and the Objection Deadline (and related procedures) to persons who do not otherwise receive the Notice of Commencement & Confirmation Hearing Notice by mail.

12.     For avoidance of doubt, the Debtors shall also serve the Notice of Commencement & Confirmation Hearing Notice on: (a) the U.S. Trustee, (b) the Office of the United States Attorney for the District of Delaware, (c) the Internal Revenue Service; (d) the United States Securities and Exchange Commission; (e) any statutory committee appointed in these Chapter 11 Cases; (f) all state and local taxing authorities in the states in which the Debtors have tax liability; (g) all federal, state and local authorities that regulate any portion of the Debtors' businesses; and (h) all counterparties to Executory Contracts and Unexpired Leases.

13.     Service of the Notice of Commencement & Confirmation Hearing Notice as set forth in the Motion and herein is sufficient notice of the Petition Date, the Confirmation Hearing,

the Objection Deadline, and the procedures for objecting to the adequacy of the Disclosure Statement and confirmation of the Plan.

14.     The Debtors are not required to serve the Notice of Commencement & Confirmation Hearing Notice on the individuals that received notice of the Data Breach; provided that the Debtors shall provide information regarding these Chapter 11 Cases on the Cyberscout website regarding the Data Breach and the website maintained by the Debtors' Claims Agent.

15.     The Voting Record Date of April 22, 2026, and the Voting Deadline of April 24, 2026, at 4:00 p.m. (*prevailing* Eastern Time) with respect to Class 3 and Class 4 Claims, is approved.

16.     The contents of the Solicitation Package, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties entitled to vote on the Plan.

17.     The Debtors are authorized to make non-substantive modifications and ministerial changes to the Notice of Commencement & Confirmation Hearing Notice or Publication Notice without further approval of the Court prior to the dissemination of such documents, including, without limitation, changes to correct typographical and grammatical errors, and to make conforming changes to the Plan, the Disclosure Statement, and any other materials included in the Solicitation Package prior to their dissemination.

18.     The Solicitation Procedures set forth in the Motion that the Debtors used to distribute the Solicitation Packages, including providing electronic access thereto, and to solicit acceptances and rejections of the Plan, as well as the Tabulation Procedures used to tabulate votes to accept or reject the Plan, satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules,

and the Local Rules, and those Solicitation Procedures are conditionally approved, subject to any party's right to object at the Confirmation Hearing.

19.     The Ballots, substantially in the forms attached hereto as **Exhibits 1A** and **1B**, and the terms and conditions therein, are conditionally approved, subject to any party's right to object at the Confirmation Hearing.

20.     The Opt-In Releases, substantially in the form attached hereto as **Exhibit 2**, and the terms and conditions therein, are conditionally approved, subject to any party's right to object at the Confirmation Hearing.

21.     The following Tabulation Procedures are conditionally approved, subject to any party's right to object at the Confirmation Hearing:

| | |
|---|---|
| **Votes Not Counted** | • Any Ballot that partially rejects and partially accepts the Plan.<br><br>• Any Ballot not marked to accept or reject the Plan, or any Ballot marked both to accept and reject the Plan.<br><br>• Any unsigned Ballot or Ballot lacking an original signature.<br><br>• Any Ballot that was illegible or contained insufficient information to permit identification of the Holder of the Claim.<br><br>• Ballots sent to the Debtors, the Debtors' agents, or the Debtors' financial or legal advisors.<br><br>• Ballots sent by facsimile or email.<br><br>• Any Ballot cast by a Person or Entity that did not hold a Claim in a Class entitled to vote on the Plan.<br><br>• Any Ballot submitted by any Person or Entity not entitled to vote pursuant to the Solicitation Procedures. |
| **No Vote Splitting** | • Holders were required to vote all of their Claims or Interests within a particular Class either to accept or reject the Plan and were not permitted to split any votes. |

8

| | |
|---|---|
| **Vote Aggregation** | • Separate Claims held by a single creditor in a particular Class may have been aggregated and treated as if such creditor held one Claim in such Class, in which case all votes related to such Claim were treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities, including any funds or accounts advised or managed by the same entity or by affiliated entities, hold Claims in a particular Class, these Claims were not aggregated and were not treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity or managed fund or account was counted separately as a vote to accept or reject the Plan. |

22.     Pursuant to §§ 1125 and 1126 and applicable nonbankruptcy law, the Debtors are conditionally authorized, subject to any party's right to object at the Confirmation Hearing, to continue their prepetition solicitation in respect of the Plan, commenced on April 24, 2026, after the Petition Date.

23.     The Executory Contract Procedures are approved; *provided*, *however*, that this Court retains jurisdiction after the Effective Date to address any dispute between the Debtors and a counterparty to an Executory Contract or Unexpired Lease regarding amounts allegedly due as a result of a Debtor's pre-assumption default thereunder, regardless of whether that counterparty has filed an objection.

24.     The Assumption Notice, substantially in the form attached hereto as **Exhibit 5**, is approved. The Debtors shall serve each non-Debtor party to an Executory Contract or Unexpired Lease that the Debtors propose to assume with an Assumption Notice.

25.     The Debtors are not required to mail a copy of the Plan or the Disclosure Statement to Holders of Claims or Interests in the Non-Voting Classes but shall do so upon request from any such party or as provided in the Notice of Commencement & Confirmation Hearing Notice.

26.     The Debtors shall cause to be posted to their restructuring website, maintained by the Claims Agent, various chapter 11 related documents, including the following: (a) the Plan; (b)

the Disclosure Statement; (c) the Motion and any orders entered in connection with the Motion; and (d) the Notice of Commencement & Confirmation Hearing Notice.

27.     The notice and objection procedures set forth in this Order and the Motion constitute good and sufficient notice of the Confirmation Hearing; commencement of these Chapter 11 Cases; and the deadline and procedures for objection to approval of the Solicitation Procedures, adequacy of the Disclosure Statement, and confirmation of the Plan. No other or further notice shall be necessary.

28.     The U.S. Trustee need not convene a meeting of creditors or equity holders pursuant to § 341(e) of the Bankruptcy Code if the Plan is confirmed and goes effective within seventy-five (75) days of the Petition Date; *provided* that such date may be further extended upon further order of the Court, upon notice filed on the docket and served on the Notice Parties.

29.     Cause exists to waive the requirement that the Debtors file Schedules, 2015.3 Reports, and SOFAs if the Plan is confirmed and goes effective within seventy-five (75) days of the Petition Date, without prejudice to the Debtors' rights to request further extensions thereof; *provided* that such deadline to file the Schedules, 2015.3 Reports, and SOFAs may be further extended upon further order of the Court, upon notice filed by the Debtors on the docket and served on the Notice Parties; *provided*, *further*, that this relief is without prejudice to the Debtors' rights to request further extensions thereof (including if the Debtors and the U.S. Trustee are unable to reach an agreement pursuant to the preceding proviso).

30.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, including Bankruptcy Rule 6004(h), (a) the terms of this Order shall be immediately effective and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement, or realization of relief granted in this Order; and (c) the Debtors may, in their

10

discretion and without further delay, take any action and perform any act authorized under this Order.

31.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

32.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

33.     Nothing in this Order shall be deemed to constitute (i) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, or (ii) a waiver of any rights, claims, or defenses of the Debtors or any other party in interest.

34.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: April 29th, 2026**
**Wilmington, Delaware**

11

**Exhibit 1A**

**Class 3 (Senior Indebtedness Claims) Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1] | IMPORTANT: No chapter 11 case has been commenced as of the date of distribution of this ballot.  This ballot is a prepetition solicitation of your vote on a plan of reorganization. |
| Debtors. | |

**CLASS 3 (SENIOR INDEBTEDNESS CLAIMS)**
**BALLOT TO ACCEPT OR REJECT THE**
**JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION**

As you have been informed, on or before April 26, 2026, Impac Mortgage Holdings, Inc. ("Impac"), Impac Funding Corporation ("IFC"), Impac Mortgage Corp. ("IMC"), Copperfield Financial, LLC ("CFLLC"), IMH Assets Corp. ("IMHAC"), Integrated Real Estate Service Corp. ("IRES"), Integrated Warehouse Lending Group, Inc. ("IWLG"), Copperfield Capital Corporation ("CCC"), Impac Commercial Capital Corporation ("ICCC"), Impac Secured Assets Corp. ("ISAC"), Synergy Capital Mortgage Corp. ("Synergy") and Impac Warehouse Lending, Inc. ("Warehouse"), the debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), will file their petitions for relief pursuant to chapter 11 of the Bankruptcy Code (the "Petitions"). Contemporaneously with the Petitions, the Debtors will file the *Joint Prepackaged Chapter 11 Plan of Reorganization of Impac Mortgage Holdings, Inc. and Affiliates Thereof* (as may be subsequently amended, the "Plan") and the *Disclosure Statement Relating to the Joint Prepackaged Chapter 11 Plan of Reorganization of Impac Mortgage Holdings, Inc.* (the "Disclosure Statement"). You should have received a copy of the Plan and Disclosure Statement included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").

This ballot is being provided to you because records indicate that you are the Holder of a Class 3 Claim (Senior Indebtedness Claims) as of April 22, 2026 (the "Pre-Petition Voting Record Date"), and, accordingly, you have a right to vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan. You agree that your vote on the Plan before the filing of the Petition shall be deemed to be your vote on the Plan for purposes of subsection (c) of section 1126 of the Bankruptcy Code.

**Your rights are described in the Disclosure Statement and the Plan. Please read the Disclosure Statement and the Plan and follow the enclosed voting instructions carefully before completing this ballot.**

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Services Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

If you have any questions regarding this ballot (the "Ballot") or the voting procedures, please contact Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, California 90017-5704, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Van C. Durrer, II (van.durrer@dentons.com), or Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com).

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY 5:00 P.M. (PREVAILING EASTERN TIME) ON APRIL 24, 2026 (the "Voting Deadline").**

If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you have voted.

No person has been authorized to give any information or advice, or to make any representation, other than what is included in the materials delivered with this ballot.

**Item 1. Amount of Class 3 (Senior Indebtedness Claims) Claim.**

The undersigned hereby certifies that as of April 22, 2026, the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) of a Claim in the following principal amount (insert amount in box below).

> Not less than $23,950,000, consisting of principal in the amount of $20,000,000, plus interest, fees, and costs.

**Item 2. Vote of Class 3 Claim.**

The Holder of the Class 3 Claim set forth in Item 1 votes to (please check one):

| Accept the Plan | Reject the Plan |
|:---:|:---:|
| ☐ | ☐ |

**Subject to the limitations set forth herein, you have the right to opt-in to the Third-Party Release set forth in Section 10.5(b) of the Plan. You shall not be deemed to have consented to the Third-Party Release unless you check the box in Item 3 below.**

**Item 3. Release Opt-In Election.**

| | |
|:---:|:---|
| ☐ | **The undersigned Claimant elects to grant (*i.e.*, OPTS IN to) the Third-Party Release provision set forth in Section 10.5(b) of the Plan.** |

**Item 4. Important Information Regarding Injunction, Release, and Exculpation Under the**

**Plan.**

Sections 10.4, 10.5, and 10.6 of the Plan provide as follows:

**Section 10.4** _Injunction_**.**

**No Person or Entity holding a Claim or Interest may receive any payment from, or seek recourse against, directly or indirectly, any Assets of the Debtors and their Estates or the Reorganized Debtors other than Assets required to be distributed to that Person or Entity under the Plan. Except as otherwise expressly provided for in the Plan or the Confirmation Order, all Persons and Entities are permanently enjoined, on and after the Effective Date, on account of any Claim or Interest, or on account of any claim, interest, obligation, right, suit, damages, Cause of Action, remedy or liability discharged, released, dismissed, exculpated, settled or waived under the Plan or the Confirmation Order, from, directly or indirectly (collectively, the "Enjoined Matters"): (a) asserting any Enjoined Matters against any Assets of the Debtors, their Estates, the Reorganized Debtors, the Released Parties, and their successors and assigns and any of their assets or properties, directly or indirectly; (b) commencing or continuing in any manner any suit, action, discovery, or other matter or proceeding of any kind against the Debtors, their Estates, the Reorganized Debtors, the Released Parties, their successors and assigns and any of their assets and properties; (c) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against the Debtors, their Estates, the Reorganized Debtors, the Released Parties, their successors and assigns and any of their assets and properties; (d) creating, perfecting or enforcing any encumbrance of any kind against the Debtors, their Estates, the Reorganized Debtors, the Released Parties, their successors and assigns and any of their assets and properties; or (e) asserting any right of setoff or subrogation of any kind against any obligation due from the Debtors, their Estates, the Reorganized Debtors, the Released Parties, their successors and assigns and any of their assets and properties, directly or indirectly, except to the extent that a motion to effectuate such setoff or subrogation is timely Filed prior to the Confirmation Date.**

**Notwithstanding the foregoing, nothing in this Section 10.4 is intended or shall be deemed to enjoin Holders of Allowed Claims from enforcing the Debtors' obligations pursuant to the Plan.**

**Section 10.5** _Releases_**.**

_**(a) Releases by the Debtors**_**. As of the Effective Date, for good and valuable consideration, pursuant to the Plan and the Confirmation Order, the Debtor Released Parties are forever released the ("Debtor/Estate Release") by the Debtors and the Estates, and anyone claiming by or through the Debtors and the Estates, from any and all claims, interests, obligations, rights, suits, damages, Causes of Action (including, without limitation, any and all Avoidance Actions), remedies and liabilities whatsoever, including, without limitation, any derivative claims or claims asserted or assertable on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereinafter arising, in**

3

law, equity or otherwise, that the Debtors or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or that a Holder of any Claim or Interest would have been legally entitled to assert derivatively on behalf of the Debtors or otherwise by or through the Debtors, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the Chapter 11 Cases, the Plan, the RSA, the Confirmation Order, the Disclosure Statement or related agreements, instruments or other documents in the Chapter 11 Cases, except for any such act, omission, transaction, event or other occurrence that is determined in a Final Order to have constituted actual fraud, gross negligence or willful misconduct.

(b) *Releases by Holders of Claims*. As of the Effective Date, for good and valuable consideration, the Third-Party Released Parties are forever released (the "**Third Party Release**") by the Releasing Parties, and anyone claiming by or through the Releasing Parties, from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that the Releasing Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of and anyone claiming by or through the Releasing Parties, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the Chapter 11 Cases, the Plan, the RSA, the Confirmation Order, the Disclosure Statement or related agreements, instruments or other documents in the Chapter 11 Cases, except for any such act, omission, transaction, event or other occurrence that is determined by a Final Order to have constituted actual fraud, gross negligence or willful misconduct; provided, however, that the foregoing is not intended and shall not be deemed to be a release of (i) the Debtors' obligations pursuant to the Plan to Holders of Allowed Claims, or (ii) the rights of such Holders to enforce such obligations.

(c) *Binding Nature of Opt-In Release; Waiver of Unknown Claims*. Each Person and Entity deemed to grant a release under this Section 10.5 shall be deemed to have granted such release notwithstanding that such Person or Entity may hereafter discover facts in addition to, or different from, those which such Person or Entity now knows or believes to be true, and without regard to the subsequent discovery or existence of such different or additional facts, and such Person or Entity expressly waives any and all rights that such Person or Entity may have under any statute or common law principle, to the extent such section is applicable, which would limit the effect of such releases to those claims or causes of action actually known or suspected to exist at the time of Confirmation.

(d) *Approval of Releases*. Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the releases set forth in this Section 10.5, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Estate Release and Third Party Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for

4

**hearing; and (e) a bar to the assertion of any Claim or Cause of Action released pursuant to the Debtor/Estate Release.**

**Section 10.6**         *Exculpation and Limitation of Liability.*

**On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, the Exculpated Parties shall be exculpated from any liability to any Person or Entity, including, without limitation, to any Holder of a Claim or an Interest, for any act or omission occurring on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the RSA, the Chapter 11 Cases, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, confirmation or consummation of the Plan, the Disclosure Statement, any contract, instrument, release or other agreement or document created, executed or contemplated in connection with the Chapter 11 Cases, the Plan, the RSA, the Confirmation Order, the Disclosure Statement, related agreements, instruments or other documents in the Chapter 11 Cases, or the administration of the Plan or the Assets to be distributed under the Plan; provided, however, that the exculpation provisions of this Section 10.6 shall not apply to acts or omissions constituting actual fraud, willful misconduct or gross negligence by any Exculpated Party, as determined by a Final Order.  The Confirmation Order and the Plan shall serve as a permanent injunction against any Person or Entity commencing or continuing in any manner any suit, action, discovery, or other matter or proceeding of any kind against the Exculpated Parties that has been exculpated pursuant to this Section 10.6 of the Plan.**

**Section 1.1**         *Definitions.*

"***Released Parties***" means, collectively, the Debtor Released Parties and the Third-Party Released Parties.

"***Debtor Released Parties***" means, collectively, each of, and in each case in its capacity as such, (a) the Debtors, (b) the DIP Lender, (c) the Plan Sponsor, (d) the Subordinated Noteholders, (e) each Holder of a Claim or Interest that opts in to the Third Party Release to the extent they do not hold a Disputed Claim, (f) Professionals and (g) each of the Related Persons of each of the Entities in the foregoing clauses (a)-(f); provided, however, that in each case a person or entity shall not be a Debtor Released Party if it objects to the Plan's release provisions; provided further, notwithstanding any of the foregoing, strictly as to the scope of the subject release by the parties covered under the preceding clause (g), the subject release will apply only to claims and causes of action of such party that (i) are derivative of the claims held by the Debtors to whom the party is related, or (ii) solely to the extent such party would be obligated to grant a release under applicable non-bankruptcy law if they were so directed by the Debtors to whom they are related.

"***Third-Party Released Parties***" means, collectively, each of, and in each case in its capacity as such, (a) the Debtors, (b) the DIP Lender, (c) the Plan Sponsor, (d) the Subordinated Noteholders, (e) each Holder of a Claim or Interest that opts in to the Third Party Release to the extent they do not hold a Disputed Claim, (f) Professionals and (g) each of the Related Persons of each of the Entities in the foregoing clauses (a)-(f); provided, however, that in each case a person or entity shall not be a Third-Party Released Party if it objects to the Plan's release provisions;

provided further, notwithstanding any of the foregoing, strictly as to the scope of the subject release by the parties covered under the preceding clause (g), the subject release will apply only to claims and causes of action of such party that (i) are derivative of the claims held by the primary Releasing Party to whom the party is related, or (ii) solely to the extent such party would be obligated to grant a release under applicable non-bankruptcy law if they were so directed by the Releasing Party to whom they are related.

"*Releasing Parties*" means, individually and collectively: (i) each party to the RSA; (ii) each Holder of a Claim or Interest that opts in to the Third Party Release; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entities' or Persons' successors, assigns, transferees, and such Entities' or Persons' officers and directors, agents, members, financial and other advisors, attorneys, employees, partners, affiliates, and representatives (in each case in their capacity as such), and any and all other entities who may purport to assert any cause of action, by, through, for, or because of such Entities or Persons; provided that, notwithstanding any of the foregoing, strictly as to the scope of the subject release by the parties covered under the preceding clause (iii), the subject release will apply only to claims and causes of action of such party that (a) are derivative of the claims held by the primary Releasing Party to whom the party is related, or (b) solely to the extent such party would be obligated to grant a release under applicable non-bankruptcy law if they were so directed by the Releasing Party to whom they are related.

## Item 5. Certifications.

Upon execution of this Ballot, the undersigned certifies that:

1. as of the Pre-Petition Voting Record Date, the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) of a Class 3 Claim in the amount set forth in Item 1;

2. the Holder is eligible to be treated as the Holder of the Class 3 Claim set forth in Item 1 for the purposes of voting on the Plan;

3. the Holder has received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

4. the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

5. the Holder understands and acknowledges that only the latest-dated Ballot cast and actually received by the Pre-Petition Voting Deadline with respect to the Class 3 Claim set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to the Class 3 Claim set forth in Item 1, such other Ballot shall be deemed revoked;

6. the Holder understands and acknowledges that the Debtors shall verify the amount of the Class 3 Claim held by the Holder as of the Pre-Petition Voting Record Date set forth in Item 1; and

7.　　the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

**Item 6. Holder Information and Signature.**

Name of Holder: _____

Signature: _____

Name of Signatory: _____
　　　　　　　　　　　　　　(if other than Holder)

Title: _____

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY BY MAIL, HAND DELIVERY, OVERNIGHT DELIVERY, OR ELECTRONIC MAIL TO**

| |
|---|
| Impac Ballot Processing Center |
| c/o KCC dba Verita Global |
| 222 N. Pacific Coast Highway, Suite 300 |
| El Segundo, CA 90245 |
| |
| -Or- |
| |
| ImpacMortgageInfo@veritaglobal.com |

**BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 5:00 P.M. (PREVAILING EASTERN TIME) ON APRIL 24, 2026**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CONTACT DENTONS US LLP OR PACHULSKI STANG ZIEHL & JONES LLP AS SET FORTH ABOVE**

## VOTING INSTRUCTIONS FOR
## CLASS 3 (SENIOR INDEBTEDNESS CLAIMS) CLAIM

1.    As described in the Disclosure Statement, the Debtors are soliciting the votes of the Holders of Class 3 Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2.    The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one impaired class that votes on the Plan, determined without including any acceptance of the Plan by any insider, and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.

3.    To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 3 of the Ballot; and (c) sign and return the Ballot in accordance with the instructions on the Ballot by mail, hand delivery, overnight delivery, or email so that it is actually received by the Voting Deadline, to: ImpacMortgageInfo@veritaglobal.com or Impac Ballot Processing Center, c/o KCC dba Verita Global, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 (the "Voting Agent").

4.    The time by which a Ballot is actually received by the Voting Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. The Voting Deadline is April 24, 2026 at 5:00 p.m. (Prevailing Eastern Time).

5.    If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery.

6.    If multiple Ballots are received from an individual Holder with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any previously received Ballot.

7.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.    The Ballot does not constitute, and shall not be deemed to be: (a) a proof of claim or interest; or (b) an assertion or admission with respect to any claim or interest.

9.    Please be sure to sign or electronically sign (DocuSign or similar) and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that

Entity and the capacity in which you are signing.

10.    You must vote your entire Class 3 Claim either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

11.    Any Ballot that is properly completed, executed, and timely returned to the Voting Agent that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

12.    Subject to the discretion of the Debtors or authority of the Court, the following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Equity Interest in a Class that is entitled to vote on the Plan, (c) any unsigned Ballot; and/or (d) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

<u>**Exhibit 1B**</u>

**Class 4 (Subordinated Notes Claims) Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1] | IMPORTANT: No chapter 11 case has been commenced as of the date of distribution of this ballot. This ballot is a prepetition solicitation of your vote on a plan of reorganization. |
| Debtors. | |

**CLASS 4 (SUBORDINATED NOTEHOLDER CLAIMS)
BALLOT TO ACCEPT OR REJECT THE
JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION**

As you have been informed, on or before April 26, 2026, Impac Mortgage Holdings, Inc. ("Impac"), Impac Funding Corporation ("IFC"), Impac Mortgage Corp. ("IMC"), Copperfield Financial, LLC ("CFLLC"), IMH Assets Corp. ("IMHAC"), Integrated Real Estate Service Corp. ("IRES"), Integrated Warehouse Lending Group, Inc. ("IWLG"), Copperfield Capital Corporation ("CCC"), Impac Commercial Capital Corporation ("ICCC"), Impac Secured Assets Corp. ("ISAC"), Synergy Capital Mortgage Corp. ("Synergy") and Impac Warehouse Lending, Inc. ("Warehouse"), the debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), will file their petitions for relief pursuant to chapter 11 of the Bankruptcy Code (the "Petitions"). Contemporaneously with the Petitions, the Debtors will file the *Joint Prepackaged Chapter 11 Plan of Reorganization of Impac Mortgage Holdings, Inc. and Affiliates Thereof* (as may be subsequently amended, the "Plan") and the *Disclosure Statement Relating to the Joint Prepackaged Chapter 11 Plan of Reorganization of Impac Mortgage Holdings, Inc.* (the "Disclosure Statement"). You should have received a copy of the Plan and Disclosure Statement included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").

This ballot is being provided to you because records indicate that you are the Holder of a Class 4 Claim (Subordinated Noteholder Claims) as of April 22, 2026 (the "Pre-Petition Voting Record Date"), and, accordingly, you have a right to vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan. You agree that your vote on the Plan before the filing of the Petition shall be deemed to be your vote on the Plan for purposes of subsection (c) of section 1126 of the Bankruptcy Code.

**Your rights are described in the Disclosure Statement and the Plan. Please read the Disclosure Statement and the Plan and follow the enclosed voting instructions carefully before completing this ballot.**

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Services Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

If you have any questions regarding this ballot (the "Ballot") or the voting procedures, please contact Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, California 90017-5704, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Van C. Durrer, II (van.durrer@dentons.com), or Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com).

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY 5:00 P.M. (PREVAILING EASTERN TIME) ON APRIL 24, 2026 (the "Voting Deadline").**

If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you have voted.

No person has been authorized to give any information or advice, or to make any representation, other than what is included in the materials delivered with this ballot.

**Item 1. Amount of Class 4 (Subordinated Noteholder Claims) Claim.**

The undersigned hereby certifies that as of April 22, 2026, the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) of a Claim in the following principal amount (insert amount in box below).

| |
|---|
| Not less than $_____, consisting of principal in the aggregate amount of $_____, plus interest, fees, and costs. |

**Item 2. Vote of Class 4 Claim.**

The Holder of the Class 4 Claim set forth in Item 1 votes to (please check one):

| Accept the Plan | Reject the Plan |
|:---:|:---:|
| ☐ | ☐ |

**Subject to the limitations set forth herein, you have the right to opt-in to the Third-Party Release set forth in Section 10.5(b) of the Plan. You shall not be deemed to have consented to the Third-Party Release unless you check the box in Item 3 below.**

**Item 3. Release Opt-In Election.**

| | |
|---|---|
| ☐ | **The undersigned Claimant elects to grant (*i.e.*, OPTS IN to) the Third-Party Release provision set forth in Section 10.5(b) of the Plan.** |

**Item 4. Important Information Regarding Injunction, Release, and Exculpation Under the**

**Plan.**

Sections 10.4, 10.5, and 10.6 of the Plan provide as follows:

**Section 10.4**          *Injunction***.**

**No Person or Entity holding a Claim or Interest may receive any payment from, or seek recourse against, directly or indirectly, any Assets of the Debtors and their Estates or the Reorganized Debtors other than Assets required to be distributed to that Person or Entity under the Plan.  Except as otherwise expressly provided for in the Plan or the Confirmation Order, all Persons and Entities are permanently enjoined, on and after the Effective Date, on account of any Claim or Interest, or on account of any claim, interest, obligation, right, suit, damages, Cause of Action, remedy or liability discharged, released, dismissed, exculpated, settled or waived under the Plan or the Confirmation Order, from, directly or indirectly (collectively, the "Enjoined Matters"): (a) asserting any Enjoined Matters against any Assets of the Debtors, their Estates, the Reorganized Debtors, the Released Parties, and their successors and assigns and any of their assets or properties, directly or indirectly; (b) commencing or continuing in any manner any suit, action, discovery, or other matter or proceeding of any kind against the Debtors, their Estates, the Reorganized Debtors, the Released Parties, their successors and assigns and any of their assets and properties; (c) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against the Debtors, their Estates, the Reorganized Debtors, the Released Parties, their successors and assigns and any of their assets and properties; (d) creating, perfecting or enforcing any encumbrance of any kind against the Debtors, their Estates, the Reorganized Debtors, the Released Parties, their successors and assigns and any of their assets and properties; or (e) asserting any right of setoff or subrogation of any kind against any obligation due from the Debtors, their Estates, the Reorganized Debtors, the Released Parties, their successors and assigns and any of their assets and properties, directly or indirectly, except to the extent that a motion to effectuate such setoff or subrogation is timely Filed prior to the Confirmation Date.**

**Notwithstanding the foregoing, nothing in this Section 10.4 is intended or shall be deemed to enjoin Holders of Allowed Claims from enforcing the Debtors' obligations pursuant to the Plan.**

**Section 10.5**          *Releases***.**

*(a) Releases by the Debtors***. As of the Effective Date, for good and valuable consideration, pursuant to the Plan and the Confirmation Order, the Debtor Released Parties are forever released the ("Debtor/Estate Release") by the Debtors and the Estates, and anyone claiming by or through the Debtors and the Estates, from any and all claims, interests, obligations, rights, suits, damages, Causes of Action (including, without limitation, any and all Avoidance Actions), remedies and liabilities whatsoever, including, without limitation, any derivative claims or claims asserted or assertable on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereinafter arising, in**

3

law, equity or otherwise, that the Debtors or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or that a Holder of any Claim or Interest would have been legally entitled to assert derivatively on behalf of the Debtors or otherwise by or through the Debtors, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the Chapter 11 Cases, the Plan, the RSA, the Confirmation Order, the Disclosure Statement or related agreements, instruments or other documents in the Chapter 11 Cases, except for any such act, omission, transaction, event or other occurrence that is determined in a Final Order to have constituted actual fraud, gross negligence or willful misconduct.

(b) *Releases by Holders of Claims*. As of the Effective Date, for good and valuable consideration, the Third-Party Released Parties are forever released (the "Third Party Release") by the Releasing Parties, and anyone claiming by or through the Releasing Parties, from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that the Releasing Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of and anyone claiming by or through the Releasing Parties, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the Chapter 11 Cases, the Plan, the RSA, the Confirmation Order, the Disclosure Statement or related agreements, instruments or other documents in the Chapter 11 Cases, except for any such act, omission, transaction, event or other occurrence that is determined by a Final Order to have constituted actual fraud, gross negligence or willful misconduct; provided, however, that the foregoing is not intended and shall not be deemed to be a release of (i) the Debtors' obligations pursuant to the Plan to Holders of Allowed Claims, or (ii) the rights of such Holders to enforce such obligations.

(c) *Binding Nature of Opt-In Release; Waiver of Unknown Claims*. Each Person and Entity deemed to grant a release under this Section 10.5 shall be deemed to have granted such release notwithstanding that such Person or Entity may hereafter discover facts in addition to, or different from, those which such Person or Entity now knows or believes to be true, and without regard to the subsequent discovery or existence of such different or additional facts, and such Person or Entity expressly waives any and all rights that such Person or Entity may have under any statute or common law principle, to the extent such section is applicable, which would limit the effect of such releases to those claims or causes of action actually known or suspected to exist at the time of Confirmation.

(d) *Approval of Releases*. Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the releases set forth in this Section 10.5, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Estate Release and Third Party Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for

4

hearing; and (e) a bar to the assertion of any Claim or Cause of Action released pursuant to the Debtor/Estate Release.

**Section 10.6**          *Exculpation and Limitation of Liability.*

**On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, the Exculpated Parties shall be exculpated from any liability to any Person or Entity, including, without limitation, to any Holder of a Claim or an Interest, for any act or omission occurring on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the RSA, the Chapter 11 Cases, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, confirmation or consummation of the Plan, the Disclosure Statement, any contract, instrument, release or other agreement or document created, executed or contemplated in connection with the Chapter 11 Cases, the Plan, the RSA, the Confirmation Order, the Disclosure Statement, related agreements, instruments or other documents in the Chapter 11 Cases, or the administration of the Plan or the Assets to be distributed under the Plan; provided, however, that the exculpation provisions of this Section 10.6 shall not apply to acts or omissions constituting actual fraud, willful misconduct or gross negligence by any Exculpated Party, as determined by a Final Order. The Confirmation Order and the Plan shall serve as a permanent injunction against any Person or Entity commencing or continuing in any manner any suit, action, discovery, or other matter or proceeding of any kind against the Exculpated Parties that has been exculpated pursuant to this Section 10.6 of the Plan.**

**Section 1.1**          *Definitions.*

"***Released Parties***" means, collectively, the Debtor Released Parties and the Third-Party Released Parties.

"***Debtor Released Parties***" means, collectively, each of, and in each case in its capacity as such, (a) the Debtors, (b) the DIP Lender, (c) the Plan Sponsor, (d) the Subordinated Noteholders, (e) each Holder of a Claim or Interest that opts in to the Third Party Release to the extent they do not hold a Disputed Claim, (f) Professionals and (g) each of the Related Persons of each of the Entities in the foregoing clauses (a)-(f); provided, however, that in each case a person or entity shall not be a Debtor Released Party if it objects to the Plan's release provisions; provided further, notwithstanding any of the foregoing, strictly as to the scope of the subject release by the parties covered under the preceding clause (g), the subject release will apply only to claims and causes of action of such party that (i) are derivative of the claims held by the Debtors to whom the party is related, or (ii) solely to the extent such party would be obligated to grant a release under applicable non-bankruptcy law if they were so directed by the Debtors to whom they are related.

"***Third-Party Released Parties***" means, collectively, each of, and in each case in its capacity as such, (a) the Debtors, (b) the DIP Lender, (c) the Plan Sponsor, (d) the Subordinated Noteholders, (e) each Holder of a Claim or Interest that opts in to the Third Party Release to the extent they do not hold a Disputed Claim, (f) Professionals and (g) each of the Related Persons of each of the Entities in the foregoing clauses (a)-(f); provided, however, that in each case a person or entity shall not be a Third-Party Released Party if it objects to the Plan's release provisions;

provided further, notwithstanding any of the foregoing, strictly as to the scope of the subject release by the parties covered under the preceding clause (g), the subject release will apply only to claims and causes of action of such party that (i) are derivative of the claims held by the primary Releasing Party to whom the party is related, or (ii) solely to the extent such party would be obligated to grant a release under applicable non-bankruptcy law if they were so directed by the Releasing Party to whom they are related.

"*Releasing Parties*" means, individually and collectively: (i) each party to the RSA; (ii) each Holder of a Claim or Interest that opts in to the Third Party Release; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entities' or Persons' successors, assigns, transferees, and such Entities' or Persons' officers and directors, agents, members, financial and other advisors, attorneys, employees, partners, affiliates, and representatives (in each case in their capacity as such), and any and all other entities who may purport to assert any cause of action, by, through, for, or because of such Entities or Persons; provided that, notwithstanding any of the foregoing, strictly as to the scope of the subject release by the parties covered under the preceding clause (iii), the subject release will apply only to claims and causes of action of such party that (a) are derivative of the claims held by the primary Releasing Party to whom the party is related, or (b) solely to the extent such party would be obligated to grant a release under applicable non-bankruptcy law if they were so directed by the Releasing Party to whom they are related.

**Item 5. Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

1.      as of the Pre-Petition Voting Record Date, the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) of a Class 4 Claim in the amount set forth in Item 1;

2.      the Holder is eligible to be treated as the Holder of the Class 4 Claim set forth in Item 1 for the purposes of voting on the Plan;

3.      the Holder has received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

4.      the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

5.      the Holder understands and acknowledges that only the latest-dated Ballot cast and actually received by the Pre-Petition Voting Deadline with respect to the Class 4 Claim set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to the Class 4 Claim set forth in Item 1, such other Ballot shall be deemed revoked;

6.      the Holder understands and acknowledges that the Debtors shall verify the amount of the Class 4 Claim held by the Holder as of the Pre-Petition Voting Record Date set forth in Item 1; and

6

7.     the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

## Item 6. Holder Information and Signature.

Name of Holder: _____

Signature: _____

Name of Signatory: _____
                                       (if other than Holder)

Title: _____

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY BY MAIL, HAND DELIVERY, OVERNIGHT DELIVERY, OR ELECTRONIC MAIL TO**

Impac Ballot Processing Center
c/o KCC dba Verita Global
222 N. Pacific Coast Highway,
Suite 300
El Segundo, CA 90245

-Or-

ImpacMortgageInfo@veritaglobal.com

**BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 5:00 P.M. (PREVAILING EASTERN TIME) ON APRIL 24, 2026**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CONTACT DENTONS US LLP OR PACHULSKI STANG ZIEHL & JONES LLP AS SET FORTH ABOVE**

7

**VOTING INSTRUCTIONS FOR
CLASS 4 (SUBORDINATED NOTEHOLDER CLAIMS) CLAIM**

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of the Holders of Class 4 Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one impaired class that votes on the Plan, determined without including any acceptance of the Plan by any insider, and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 3 of the Ballot; and (c) sign and return the Ballot in accordance with the instructions on the Ballot by mail, hand delivery, overnight delivery, or email so that it is actually received by the Voting Deadline, to: ImpacMortgageInfo@veritaglobal.com or Impac Ballot Processing Center, c/o KCC dba Verita Global, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 (the "Voting Agent").

4.  The time by which a Ballot is actually received by the Voting Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. The Voting Deadline is April 24, 2026 at 5:00 p.m. (Prevailing Eastern Time).

5.  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery.

6.  If multiple Ballots are received from an individual Holder with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any previously received Ballot.

7.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.  The Ballot does not constitute, and shall not be deemed to be: (a) a proof of claim or interest; or (b) an assertion or admission with respect to any claim or interest.

9.  Please be sure to sign or electronically sign (DocuSign or similar) and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that

8

Entity and the capacity in which you are signing.

10. You must vote your entire Class 4 Claim either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

11. Any Ballot that is properly completed, executed, and timely returned to the Voting Agent that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

12. Subject to the discretion of the Debtors or authority of the Court, the following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Equity Interest in a Class that is entitled to vote on the Plan, (c) any unsigned Ballot; and/or (d) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

**<u>Exhibit 2</u>**

**Opt-In Release Form**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1] | Case No. 26-10593 |
| Debtors. | (Joint Administration Requested) |

### THIRD PARTY RELEASE OPT-IN FORM

THE PLAN PROVIDES FOR THE RELEASE OF CERTAIN PARTIES INVOLVED IN THE CHAPTER 11 CASES. PARTIES SHOULD THEREFORE BE AWARE THAT IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OF THE PLAN OCCURS, CERTAIN PARTIES WILL RECEIVE THE BENEFITS OF THE RELEASE PROVISIONS AND CERTAIN PARTIES WILL BE BOUND BY THE RELEASE PROVISIONS AS SET FORTH IN SECTION 10.5(B) OF THE PLAN.

You are **not** required to opt in to the Third-Party Release under the Plan. Your decision whether to opt in will not affect the allowance of your Claim or your right, if any, to receive distributions under the Plan. If you affirmatively elect to opt in, you will be deemed a "Releasing Party" under the Plan and, subject to the terms and conditions therein, will grant the Third-Party Release and, in turn, be deemed a "Released Party" under the Plan and receive the benefit of the mutual releases provided by the Debtors and the other Released Parties; *provided, however*, that such mutual releases shall apply only to the extent that you do not hold a Disputed Claim and do not object to the releases as set forth in the Plan.

THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:

    (a)    ***Defined Terms.*** As used in the Plan, capitalized terms have the meanings set forth below.

        (i)    "*Released Parties*" means, collectively, the Debtor Released Parties and the Third-Party Released Parties.

        (ii)    *"Releasing Parties*" means, individually and collectively: (i) each party to the RSA; (ii) each Holder of a Claim or Interest that opts in to the Third Party Release; and (iii) with respect to each of the foregoing Entities in

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

clauses (i) and (ii), such Entities' or Persons' successors, assigns, transferees, and such Entities' or Persons' officers and directors, agents, members, financial and other advisors, attorneys, employees, partners, affiliates, and representatives (in each case in their capacity as such), and any and all other entities who may purport to assert any cause of action by, through, for, or because of such Entities or Persons.

(iii) "*Third-Party Released Parties*" means, collectively, each of, and in each case in its capacity as such, (a) the Debtors, (b) the Plan Sponsor, (c) the Subordinated Noteholders, (d) each Holder of a Claim or Interest that opts in to the Third Party Release to the extent they do not hold a Disputed Claim, (e) Professionals and (f) each of the Related Persons of each of the Entities in the foregoing clauses (a)-(e); provided, however, that in each case a person or entity shall not be a Third-Party Released Party if it objects to the Plan's release provisions.

**Note: This provision describes the releases that the Plan Proponents will seek under the Plan. This language has not been considered or approved by the Bankruptcy Court and remains subject to consideration at the Confirmation Hearing.**

## THIRD-PARTY RELEASES

**Releases by Holders of Claims. As of the Effective Date, for good and valuable consideration, the Third-Party Released Parties are forever released (the "Third Party Release") by the Releasing Parties, and anyone claiming by or through the Releasing Parties, from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that the Releasing Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of and anyone claiming by or through the Releasing Parties, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the Chapter 11 Cases, the Plan, the RSA, the Confirmation Order, the Disclosure Statement or related agreements, instruments or other documents in the Chapter 11 Cases, except for any such act, omission, transaction, event or other occurrence that is determined by a Final Order to have constituted actual fraud, gross negligence or willful misconduct; provided, however, that the foregoing is not intended and shall not be deemed to be a release of (i) the Debtors' obligations pursuant to the Plan to Holders of Allowed Claims, or (ii) the rights of such Holders to enforce such obligations.**

**Each Person and Entity deemed to grant a release under Section 10.5(b) of the Plan shall be deemed to have granted such release notwithstanding that such Person or Entity may hereafter discover facts in addition to, or different from, those which such Person or Entity now knows or believes to be true, and without regard to the subsequent discovery or existence of such different or additional facts, and such Person or Entity expressly waives any and all rights that such Person or Entity may have under any statute or common law**

2

principle, to the extent such section is applicable, which would limit the effect of such releases to those claims or causes of action actually known or suspected to exist at the time of Confirmation.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the releases set forth in Section 10.5(b) of the Plan, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Estate Release and Third Party Release are: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to the assertion of any Claim or Cause of Action released pursuant to the Debtor/Estate Release.

Third Party Release Opt-In Election (Optional).

PLEASE TAKE NOTICE THAT you may affirmatively opt-in to the Third Party Release provision contained in Section 10.5(b) of the Plan and set forth above. In so doing, you will also be deemed a "Released Party" to the extent that you do not hold a Disputed Claim.

IF YOU OPT IN TO THE THIRD-PARTY RELEASE PROVISIONS IN SECTION 10.5(B) OF THE PLAN BY PROPERLY AND TIMELY SUBMITTING THIS OPT IN ELECTION, YOU WILL BE DEEMED, AS OF THE EFFECTIVE DATE OF THE PLAN, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (TO THE EXTENT AND AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).

---

☐    **OPT IN** to the Third Party Release set forth in Section 10.5(b) of the Plan

---

**Exhibit 3**

**Notice of Commencement & Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC.,<br>*et al.*,[1]<br><br>             Debtors. | Chapter 11<br><br>Case No. 26-10593<br><br>(Joint Administration Requested) |

**NOTICE OF (I) COMMENCEMENT OF PREPACKAGED CHAPTER 11
BANKRUPTCY CASE, (II) COMBINED HEARING ON THE DISCLOSURE
STATEMENT, CONFIRMATION OF THE PREPACKAGED JOINT CHAPTER 11
PLAN, AND RELATED MATTERS, AND (III) OBJECTION DEADLINE**

**NOTICE IS HEREBY GIVEN AS FOLLOWS:**

1.      On April 24, 2026, Impac Mortgage Holdings, Inc. and certain of its affiliates (collectively, the "Debtors") commenced a solicitation of votes from Holders of Class 3 and Class 4 Claims pursuant to the *Joint Prepackaged Chapter 11 Plan of Reorganization of Impac Mortgage Holdings, Inc. and Affiliates Thereof* (as may be amended, supplemented or otherwise modified from time to time, the "Plan"),[2] in connection with the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Impac Mortgage Holdings, Inc. and Affiliates Thereof* (as may be amended, supplemented or otherwise modified from time to time, the "Disclosure Statement").

2.      On April 26, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

3.      On the Petition Date, the Debtors filed the Plan [Docket No. 11] and the Disclosure Statement [Docket No. 9]. Copies of the Plan and the Disclosure Statement may be obtained free of charge from the Debtors' Claims Agent by (a) visiting the Claims Agent's website at https://www.veritaglobal.net/ImpacMortgage, (b) calling 866-967-0676 (U.S. & Canada) or 310-751-2676 (International), or (c) sending an electronic message to

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Plan. The summaries of the Plan and Disclosure Statement in this Notice are not precise or complete statements of all terms and provisions of the Plan or the documents referred to therein. If there is any discrepancy between this Notice and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

impacmortgageinfo@veritaglobal.com with "In re Impac Mortgage Holdings" in the subject line and requesting a copy be provided to you, or contacting the Debtors' proposed counsel, (i) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Van C. Durrer II, van.durrer@dentons.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899 (Attn: Laura Davis Jones, ljones@pszjlaw.com, David M. Bertenthal, debertenthal@pszjlaw.com, and Timothy Cairns, tcairns@pszjlaw.com). You may also obtain these documents and any other pleadings filed in the Debtors' chapter 11 cases (for a fee) via PACER at http://www.deb.uscourts.gov.

## INFORMATION REGARDING THE PLAN AND DISCLOSURE STATEMENT

**Voting Record Date**. The voting record date was April 22, 2026, which was the date for determining which Holders of Claims in Class 3 and Class 4 were entitled to vote.

**Combined Hearing**. A combined hearing to consider the adequacy of the Disclosure Statement, confirmation of the Plan, any objections to any of the foregoing, and any other matter that may properly come before the Court, will be held before The Honorable Craig T. Goldblatt, at the Court, 824 North Market Street, 3rd Floor, Courtroom 7, Wilmington, Delaware 19801, on **May 28, 2026 at 2:00 p.m. (prevailing Eastern Time)** (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Confirmation Hearing and will be available on the electronic case filing docket and the Claims Agent's website at https://www.veritaglobal.net/ImpacMortgage.

**Objections to the Plan and Disclosure Statement**. Any responses or objections (each an "**Objection**") to the Disclosure Statement and/or Plan must be filed with the Court and served so as to be **actually received** no later than **4:00 p.m. (prevailing Eastern Time) on May 21, 2026**, by the following parties: (a) the Debtors, 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612 (*Attn*: Joe Joffrion, joe.joffrion@impacmail.com); (b) *proposed* counsel for the Debtors, (i) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Van C. Durrer II, van.durrer@dentons.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899 (Attn: Laura Davis Jones, ljones@pszjlaw.com, David M. Bertenthal, debertenthal@pszjlaw.com, and Timothy Cairns, tcairns@pszjlaw.com); (c) counsel for the Plan Sponsor, (i) Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020 (Attn: Daniel B. Besikof, dbesikof@lowenstein.com) and (ii) Morris Nichols Arsht & Tunnell, 1201 North Market Street, 16th Floor, Wilmington, DE 19801 (Attn: Curtis S. Miller, cmiller@morrisnichols.com); (d) the Office of the United States Trustee for the District of Delaware (Attn: Benjamin A. Hackman); and (e) any other party entitled to notice under Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Any such Objection must: (a) be in writing; (b) comply with the Bankruptcy Rules and Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest held by such entity; (d) state with particularity the legal and factual basis for such objection, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objection; and (e) be filed with the Court with a proof of service and served upon the Notice Parties so as to be actually received by the Objection Deadline.

**UNLESS A RESPONSE OR OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

<u>**SUMMARY OF PLAN TREATMENT**[3]</u>

The table below provides a summary of the classification, description, treatment, and anticipated recovery of Claims and Interests under the Plan. This information is provided in summary form below for illustrative purposes only and is qualified in its entirety by reference to the provisions of the Plan. For a more detailed description of the treatment of Claims and Interests under the Plan and the sources of satisfaction for Claims and Interests, see § 2 of the Disclosure Statement, entitled "Summary of Classification and Treatment of Claims and Interests Under Plan."

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| Unclassified | Administrative Claims | Except to the extent that a Holder of an Allowed Administrative Claim agrees to less favorable treatment, or as otherwise provided for in the Plan, the Reorganized Debtors shall pay to each Holder of an Allowed Administrative Claim Cash in an amount equal to the amount of such Allowed Administrative Claim on, or as soon thereafter as is reasonably practicable, the later of (i) the Effective Date; and (ii) the first Business Day after the date that is fifteen (15) calendar days after the date an Administrative Claim becomes an Allowed Administrative Claim, or as soon thereafter as is reasonably practicable. | Unclassified—not entitled to vote |
| Unclassified | DIP Claims | Proceeds of the Exit Loan Facility shall be used to refinance the DIP Claims on account of, in full and complete discharge of, and in exchange for, such DIP Claims. | Unclassified—not entitled to vote |

---

[3] The statements contained herein are summaries of the provisions in the Disclosure Statement and the Plan and do not purport to be precise or complete statements of all terms and provisions of the Plan or the documents referred to therein. For a more detailed description of the Plan, please refer to the Disclosure Statement. Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan.

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| Unclassified | Priority Tax Claims | Except to the extent that a Holder of an Allowed Priority Tax Claim agrees to a different treatment, or the Bankruptcy Court has previously ordered otherwise, each Holder of an Allowed Priority Tax Claim shall receive, in full and complete satisfaction, release and discharge of, and in exchange for such Allowed Priority Tax Claim, at the sole option of the Reorganized Debtors, (a) on, or as soon thereafter as is reasonably practicable, the later of the Effective Date and the first Business Day after the date that is thirty (30) calendar days after the date a Priority Tax Claim becomes an Allowed Claim, Cash in an amount equal to such Allowed Priority Tax Claim; or (b) such other treatment consistent with the provisions of section 1129(a) of the Bankruptcy Code. | Unclassified—not entitled to vote |
| Unclassified | Professional Fee Claims | Allowed Professional Fee Claims owing to the Professionals shall be paid in Cash to such Professionals by the Reorganized Debtors from the Professional Fee Escrow Account as soon as reasonably practicable after such Professional Fee Claims are Allowed. When all such Allowed amounts owing to the Professionals have been paid in full, any remaining amount in the Professional Fee Escrow Account shall promptly be paid to the Reorganized Debtors without any further action or order of the Bankruptcy Court. | Unclassified—not entitled to vote |
| 1 | Priority Non-Tax Claims | The legal, equitable and contractual rights of the Holders of Allowed Class 1 Priority Non-Tax Claims are unaltered by the Plan. Except to the extent a Holder of a Priority Non-Tax Claim agrees to different treatment or the Bankruptcy Court has previously ordered otherwise, each Holder of an Allowed Priority Non-Tax Claim shall receive, in full and complete satisfaction, release and discharge of and in exchange for such Allowed Priority Non-Tax Claim, the | Unimpaired—deemed to accept the Plan, not entitled to vote |

4

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| | | Allowed Amount of such Allowed Priority Non-Tax Claim in full in Cash on, or as soon thereafter as is reasonably practicable, the later of the Effective Date and the first Business Day after the date that is thirty (30) calendar days after the date a Priority Non-Tax Claim becomes an Allowed Claim. | |
| 2(a) | Enterprise Claims | The Enterprise Obligations will be Reinstated under the Plan, subject to a consensual five-year extension of the maturity date on the Enterprise Obligations. | Unimpaired— deemed to accept the Plan, not entitled to vote |
| 2(b) | Unimpaired Secured Claims | Each Holder of an Allowed Unimpaired Secured Claim against the Debtors shall receive on or as soon as reasonably practicable after the Effective Date, on account of, in full and complete satisfaction, release and discharge of, and in exchange for, such Allowed Unimpaired Secured Claims, at the option of the Reorganized Debtors: (i) payment in full in Cash; (ii) the collateral securing its Allowed Unimpaired Secured Claim and payment of any interest required under section 506(b) of the Bankruptcy Code; (iii) reinstatement of such Allowed Unimpaired Secured Claim; or (iv) such other treatment rendering such Allowed Unimpaired Secured Claim unimpaired. | Unimpaired— deemed to accept the Plan, not entitled to vote |
| 3 | Senior Indebtedness Claims | Each Holder of an Allowed Senior Indebtedness Claim against the Debtors shall receive on or as soon as reasonably practicable after the Effective Date, on account of, in full and complete satisfaction, release and discharge of, and in exchange for, such Allowed Senior Indebtedness Claim, its pro rata share of the Plan Sponsor Common Stock on the terms set forth in Section 5.2(b) of the Plan. | Impaired – entitled to vote |
| 4 | Subordinated Notes Claims | Each Holder of a Subordinated Notes Claim against the Debtors shall receive on or as soon as reasonably practicable after the | Impaired – entitled to vote |

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| | | Effective Date, on account of, in full and complete satisfaction, release and discharge of, and in exchange for, such Allowed Subordinated Notes Claims, its pro rata share in the Contingent Payment Certificate. | |
| 5 | General Unsecured Claims | Each Holder of an Allowed General Unsecured Claim shall receive on account of, in full and complete satisfaction, release and discharge of, and in exchange for its Allowed General Unsecured Claim, a Pro Rata share of the GUC Consideration after payment in full of all GUC Expenses. | Impaired – deemed to reject |
| 6 | Intercompany Claims | On the Effective Date, each Intercompany Claim shall, at the option of the applicable Debtor or Reorganized Debtor, be adjusted, Reinstated, or canceled and released without any distribution; except as necessary or appropriate for tax efficiency; provided, however, that no Distribution will be in Cash. | Impaired – deemed to reject |
| 7 | 510(b) Claims | 510(b) Claims are Impaired and are conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. On the Effective Date, each 510(b) Claim shall be canceled, released and discharged and the Holders of such 510(b) Claims shall receive no distribution on account of such 510(b) Claims. Accordingly, Holders of 510(b) Claims are not entitled to vote to accept or reject the Plan. | Impaired – deemed to reject |
| 8(a) | Interests in Impac | All Interests in Impac will be cancelled, released, and extinguished, and will be of no further force or effect, and the Holders of Interests in Impac will receive no distribution on account of such Interests. | Impaired – deemed to reject |
| 8(b) | Interests in Debtor Subsidiaries | On the Effective Date, Interests in the Debtor Subsidiaries shall be Reinstated without any distribution. | Unimpaired – deemed to accept |

## ENTITLEMENT TO VOTE ON THE PLAN

In accordance with the terms of the Plan, Holders of Claims or Interests in Classes 1, 2(a), 2(b), 5, 6, 7, 8(a), and 8(b) (collectively, the "Non-Voting Classes") are (i) conclusively deemed to have accepted or rejected the Plan, as applicable, and (ii) not entitled to vote to accept or reject the Plan, as further described below.

## EXCULPATION, INJUNCTION, AND RELEASE PROVISIONS IN PLAN

**PLEASE BE ADVISED THAT SECTION 10 OF THE PLAN CONTAINS CERTAIN EXCULPATION, INJUNCTION, AND RELEASE PROVISIONS, INCLUDING THOSE SET FORTH BELOW. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE 10 OF THE PLAN, AS YOUR RIGHTS MAY BE AFFECTED.**

**BINDING NATURE OF THE PLAN: IF CONFIRMED, ON THE EFFECTIVE DATE, AND EFFECTIVE AS OF THE EFFECTIVE DATE, THE PLAN WILL BIND, AND WILL BE DEEMED BINDING UPON, ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTOR, AND EACH HOLDER'S RESPECTIVE SUCCESSORS AND ASSIGNS, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, NOTWITHSTANDING WHETHER OR NOT ANY SUCH HOLDER (1) WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN OR (2) VOTED TO ACCEPT OR REJECT THE PLAN.**

## EXCULPATION

**On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, the Exculpated Parties shall be exculpated from any liability to any Person or Entity, including, without limitation, to any Holder of a Claim or an Interest, for any act or omission occurring on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the RSA, the Chapter 11 Cases, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, confirmation or consummation of the Plan, the Disclosure Statement, any contract, instrument, release or other agreement or document created, executed or contemplated in connection with the Chapter 11 Cases, the Plan, the RSA, the Confirmation Order, the Disclosure Statement, related agreements, instruments or other documents in the Chapter 11 Cases, or the administration of the Plan or the Assets to be distributed under the Plan; provided, however, that the exculpation provisions of Section 10.6 of the Plan shall not apply to acts or omissions constituting actual fraud, willful misconduct or gross negligence by any Exculpated Party, as determined by a Final Order. The Confirmation Order and the Plan shall serve as a permanent injunction against any Person or Entity commencing or continuing in any manner any suit, action, discovery, or other matter or proceeding of any kind against the Exculpated Parties that has been exculpated pursuant to Section 10.6 of the Plan.**

7

## RELEASES

**Releases by the Debtors.** As of the Effective Date, for good and valuable consideration, pursuant to the Plan and the Confirmation Order, the Debtor Released Parties are forever released the ("**Debtor/Estate Release**") by the Debtors and the Estates, and anyone claiming by or through the Debtors and the Estates, from any and all claims, interests, obligations, rights, suits, damages, Causes of Action (including, without limitation, any and all Avoidance Actions), remedies and liabilities whatsoever, including, without limitation, any derivative claims or claims asserted or assertable on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that the Debtors or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or that a Holder of any Claim or Interest would have been legally entitled to assert derivatively on behalf of the Debtors or otherwise by or through the Debtors, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the Chapter 11 Cases, the Plan, the RSA, the Confirmation Order, the Disclosure Statement or related agreements, instruments or other documents in the Chapter 11 Cases, except for any such act, omission, transaction, event or other occurrence that is determined in a Final Order to have constituted actual fraud, gross negligence or willful misconduct.

**Releases by Holders of Claims.** As of the Effective Date, for good and valuable consideration, the Third-Party Released Parties are forever released (the "**Third Party Release**") by the Releasing Parties, and anyone claiming by or through the Releasing Parties, from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that the Releasing Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of and anyone claiming by or through the Releasing Parties, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the Chapter 11 Cases, the Plan, the RSA, the Confirmation Order, the Disclosure Statement or related agreements, instruments or other documents in the Chapter 11 Cases, except for any such act, omission, transaction, event or other occurrence that is determined by a Final Order to have constituted actual fraud, gross negligence or willful misconduct; provided, however, that the foregoing is not intended and shall not be deemed to be a release of (i) the Debtors' obligations pursuant to the Plan to Holders of Allowed Claims, or (ii) the rights of such Holders to enforce such obligations.

Each Person and Entity deemed to grant a release under Section 10.5 of the Plan shall be deemed to have granted such release notwithstanding that such Person or Entity may hereafter discover facts in addition to, or different from, those which such Person or Entity now knows or believes to be true, and without regard to the subsequent discovery or existence of such different or additional facts, and such Person or Entity expressly waives any and all rights that such Person or Entity may have under any statute or common law principle, to the extent such section is applicable, which would limit the effect of such releases

8

to those claims or causes of action actually known or suspected to exist at the time of Confirmation.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the releases set forth in Section 10.5 of the Plan, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Estate Release and Third Party Release are: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to the assertion of any Claim or Cause of Action released pursuant to the Debtor/Estate Release.

### Discharge of Claims Against and Interests in the Debtors

Upon the Effective Date and in consideration of the distributions to be made hereunder, except as otherwise provided herein or in the Confirmation Order, each Person that is a Holder (as well as any trustees and agents acting on behalf of such Person) of a Claim or Interest shall be deemed to have forever discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims and Interests and related rights, and liabilities that arose prior to the Effective Date, in each case whether or not:  (1) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed or Disallowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Interest has accepted the Plan. The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the occurrence of the Effective Date. Except as otherwise provided herein, upon the Effective Date, all such Holders of Claims and Interests shall be forever precluded and enjoined, pursuant to sections 105, 524, and 1141 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claims and Interests and related rights and liabilities. Notwithstanding the foregoing, nothing in Section 10.3 of the Plan is intended or shall be deemed to (i) discharge the Debtors' obligations pursuant to the Plan to Holders of Allowed Claims, or (ii) preclude and enjoin such Holders from enforcing such obligations.

### INJUNCTION

No Person or Entity holding a Claim or Interest may receive any payment from, or seek recourse against, directly or indirectly, any Assets of the Debtors and their Estates or the Reorganized Debtors other than Assets required to be distributed to that Person or Entity under the Plan. Except as otherwise expressly provided for in the Plan or the Confirmation Order, all Persons and Entities are permanently enjoined, on and after the Effective Date, on account of any Claim or Interest, or on account of any claim, interest, obligation, right, suit, damages, Cause of Action, remedy or liability discharged, released, dismissed, exculpated, settled or waived under the Plan or the Confirmation Order, from, directly or indirectly (collectively, the "Enjoined Matters"):

9

**a.** asserting any Enjoined Matters against any Assets of the Debtors, their Estates, the Reorganized Debtors, the Released Parties, and their successors and assigns and any of their assets or properties, directly or indirectly;

**b.** commencing or continuing in any manner any suit, action, discovery, or other matter or proceeding of any kind against the Debtors, their Estates, the Reorganized Debtors, the Released Parties, their successors and assigns and any of their assets and properties;

**c.** enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against the Debtors, their Estates, the Reorganized Debtors, the Released Parties, their successors and assigns and any of their assets and properties;

**d.** creating, perfecting or enforcing any encumbrance of any kind against the Debtors, their Estates, the Reorganized Debtors, the Released Parties, their successors and assigns and any of their assets and properties; or

**e.** asserting any right of setoff or subrogation of any kind against any obligation due from the Debtors, their Estates, the Reorganized Debtors, the Released Parties, their successors and assigns and any of their assets and properties, directly or indirectly, except to the extent that a motion to effectuate such setoff or subrogation is timely Filed prior to the Confirmation Date.

**Notwithstanding the foregoing, nothing in Section 10.4 of the Plan is intended or shall be deemed to enjoin Holders of Allowed Claims from enforcing the Debtors' obligations pursuant to the Plan.**

Dated: April 26, 2026                     **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (pro hac vice pending)
Timothy Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com
        debertenthal@pszjlaw.com
        tcairns@pszjlaw.com

-and-

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* pending)
Van C. Durrer, II (DE Bar No. 3827)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Tel:    (213) 623-9300
Email:  tania.moyron@dentons.com
         van.durrer@dentons.com


John D. Beck (*pro hac vice* pending)
Geoffrey M. Miller (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020
Tel:    (212) 768-6700
Email:  john.beck@dentons.com
         geoffrey.miller@dentons.com

*Proposed Counsel for Debtors and Debtors in
Possession*

11

**Exhibit 4**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1] | Case No. 26-10593 |
| Debtors. | (Joint Administration Requested) |

**NOTICE OF (I) COMMENCEMENT OF PREPACKAGED CHAPTER 11
BANKRUPTCY CASE, (II) COMBINED HEARING ON THE DISCLOSURE
STATEMENT, CONFIRMATION OF THE PREPACKAGED JOINT CHAPTER 11
PLAN, AND RELATED MATTERS, AND (III) OBJECTION DEADLINE**

**NOTICE IS HEREBY GIVEN AS FOLLOWS:**

1.      On April 24, 2026, Impac Mortgage Holdings, Inc. and certain of its affiliates (collectively, the "Debtors") commenced a solicitation of votes from Holders of Class 3 and Class 4 Claims pursuant to the *Joint Prepackaged Chapter 11 Plan of Reorganization of Impac Mortgage Holdings, Inc. and Affiliates Thereof* (as may be amended, supplemented or otherwise modified from time to time, the "Plan"),[2] in connection with the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Impac Mortgage Holdings, Inc. and Affiliates Thereof* (as may be amended, supplemented or otherwise modified from time to time, the "Disclosure Statement").

2.      On April 26, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

3.      On the Petition Date, the Debtors filed the Plan [Docket No. 13] and the Disclosure Statement [Docket No. 9]. Copies of the Plan and the Disclosure Statement may be obtained free of charge from the Debtors' Claims Agent by (a) visiting the Claims Agent's website at https://www.veritaglobal.net/ImpacMortgage, (b) calling 866-967-0676 (U.S. & Canada) or 310-751-2676 (International), or (c) sending an electronic message to

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Plan. The summaries of the Plan and Disclosure Statement in this Notice are not precise or complete statements of all the terms and provisions of the Plan or documents referred to therein. If there is a discrepancy between this Notice and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

impacmortgageinfo@veritaglobal.com with "In re Impac Mortgage Holdings" in the subject line and requesting a copy be provided to you, or by contacting Debtors' proposed counsel, (i) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Van C. Durrer II, van.durrer@dentons.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899 (Attn: Laura Davis Jones, ljones@pszjlaw.com, David M. Bertenthal, debertenthal@pszjlaw.com, and Timothy Cairns, tcairns@pszjlaw.com). You may also obtain these documents and any other pleadings filed in the Debtors' chapter 11 cases (for a fee) via PACER at http://www.deb.uscourts.gov.

## INFORMATION REGARDING THE PLAN AND DISCLOSURE STATEMENT

**Voting Record Date**. The voting record date was April 22, 2026, which was the date for determining which Holders of Claims in Class 3 and Class 4 were entitled to vote.

**Combined Hearing**. A combined hearing to consider the adequacy of the Disclosure Statement, confirmation of the Plan, and any objections to any of the foregoing, and any other matter that may properly come before the Court, will be held before The Honorable Craig T. Goldblatt, at the Court, 824 North Market Street, 3rd Floor, Courtroom 7, Wilmington, Delaware 19801, on **May 28, 2026 at 2:00 p.m. (prevailing Eastern Time)** (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Confirmation Hearing, and will be available on the electronic case filing docket and the Claims Agent's website at https://www.veritaglobal.net/ImpacMortgage.

**Objections to the Plan and Disclosure Statement**. Any responses or objections (each an "**Objection**") to the Disclosure Statement and/or Plan must be filed with the Court and served so as to be **actually received** no later than **4:00 p.m. (prevailing Eastern Time) on May 21, 2026**, by the following parties: (a) the Debtors, 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612 (*Attn*: Joe Joffrion, joe.joffrion@impacmail.com); (b) *proposed* counsel for the Debtors, (i) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Van C. Durrer II, van.durrer@dentons.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899 (Attn: Laura Davis Jones, ljones@pszjlaw.com, David M. Bertenthal, debertenthal@pszjlaw.com, and Timothy Cairns, tcairns@pszjlaw.com); (c) counsel for the Plan Sponsor, (i) Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020 (Attn: Daniel B. Besikof, dbesikof@lowenstein.com) and (ii) Morris Nichols Arsht & Tunnell, 1201 North Market Street, 16th Floor, Wilmington, DE 19801 (Attn: Curtis S. Miller, cmiller@morrisnichols.com); (d) the Office of the United States Trustee for the District of Delaware (Attn: Benjamin A. Hackman); and (e) any other party entitled to notice under Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). Any such Objection must: (a) be in writing; (b) comply with the Bankruptcy Rules and Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest held by such entity; (d) state with particularity the legal and factual basis for such objection, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objection; and (e) be filed with the Court with a proof of service and served upon the Notice Parties so as to be actually received by the Objection Deadline.

**UNLESS A RESPONSE OR OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

## ENTITLEMENT TO VOTE ON THE PLAN

In accordance with the terms of the Plan, Holders of Claims or Interests in Classes 1, 2(a), 2(b), 5, 6, 7, 8(a), and 8(b) (collectively, the "Non-Voting Classes") are (i) conclusively deemed to have accepted or rejected the Plan, as applicable, and (ii) not entitled to vote to accept or reject the Plan, as further described below.

## EXCULPATION, INJUNCTION AND RELEASE PROVISIONS IN PLAN

**PLEASE BE ADVISED THAT SECTION 10 OF THE PLAN CONTAINS CERTAIN EXCULPATION, INJUNCTION AND RELEASE PROVISIONS. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE 10 OF THE PLAN, AS YOUR RIGHTS MAY BE AFFECTED.**

**BINDING NATURE OF THE PLAN: IF CONFIRMED, ON THE EFFECTIVE DATE, AND EFFECTIVE AS OF THE EFFECTIVE DATE, THE PLAN WILL BIND, AND WILL BE DEEMED BINDING UPON, ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTOR, AND EACH HOLDER'S RESPECTIVE SUCCESSORS AND ASSIGNS, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, NOTWITHSTANDING WHETHER OR NOT ANY SUCH HOLDER (1) WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN OR (2) VOTED TO ACCEPT OR REJECT THE PLAN.**

**<u>Exhibit 5</u>**

**Assumption Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1] | Case No. 26-10593 |
| Debtors. | (Joint Administration Requested) |

**NOTICE OF (I) POSSIBLE ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES, (II) FIXING CURE AMOUNTS, AND (III) DEADLINE TO OBJECT THERETO**

**PLEASE TAKE NOTICE** that on April 26, 2026 (the "Petition Date"), Impac Mortgage Holdings, Inc. and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors," or the "Company"), filed voluntary petitions for relief pursuant to the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Joint Prepackaged Chapter 11 Plan of Reorganization of Impac Mortgage Holdings, Inc. and Affiliates Thereof* (as may be amended, supplemented or otherwise modified from time to time, the "Plan"),[2] in connection with the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Impac Mortgage Holdings, Inc. and Affiliates Thereof* (as may be amended, supplemented or otherwise modified from time to time, the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE** that the hearing at which the Court will consider approval of the Disclosure Statement and Confirmation of the Plan (the "Confirmation Hearing") will commence on **May 28, 2026 at 2:00 p.m. (prevailing Eastern Time)**, before the Honorable Craig T. Goldblatt, in the United States Bankruptcy Court for the District of Delaware. Additional information regarding the Confirmation Hearing is included in (i) the Notice of Commencement of Chapter 11 Cases, and (ii) the Notice of Confirmation Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan, which was previously served on you.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Plan. The summaries of the Plan and Disclosure Statement in this Notice are not precise or complete statements of all the terms and provisions of the Plan or documents referred to therein. If there is a discrepancy between this Notice and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE** that you are receiving this notice because the Debtors' records reflect that you are a party to an Executory Contract or Unexpired Lease to be assumed or assumed and assigned by the Debtors under the Plan. Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan.

**PLEASE TAKE FURTHER NOTICE** that receipt of this notice or the fact that an Executory Contract or Unexpired Lease is not included on the Rejection Schedule is not a guarantee that such Executory Contract or Unexpired Lease will ultimately be assumed or assumed and assigned. The Debtors have reserved the right to amend the Rejection Schedule following its filing as part of the Plan Supplement.

**PLEASE TAKE FURTHER NOTICE** that § 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption (the "Cure Cost"). Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in **Exhibit A** (the "Proposed Cure Schedule"). Please note that if no amount (or zero) is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that no cure amount is outstanding for such contract or lease. The Proposed Cure Schedule is preliminary and subject to change until the date of confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that any objections by an Executory Contract or Unexpired Lease counterparty to a proposed assumption, assumption and assignment, or related Cure Cost, on any grounds, including those set forth in § 365, must:

(a) Be in writing;

(b) Set forth with specificity: (i) the basis for any objection to the Cure Cost listed by the Debtors, which objection must set forth the amount that the counterparty contends that the Debtors must pay to assume or assume and assign the Executory Contract or Unexpired Lease; (ii) the basis for any objection to the ability of the Debtors to assume or assume and assign the Executory Contract or Unexpired Lease and, including pursuant to § 365(c) of the Bankruptcy Code; (iii) the basis for any objection to the Debtors' ability to provide adequate assurance of future performance under the Executory Contract or Unexpired Lease as required pursuant to § 365(b) of the Bankruptcy Code; (iv) any and all bases on which the objecting party asserts other or additional monetary amounts are required to be paid if the Executory Contract or Unexpired Lease is assumed or assumed and assigned pursuant to the Plan; and/or (v) the grounds for any other objection that may be raised under § 365 of the Bankruptcy Code or other applicable law to such assumption or assumption and assignment;

(c) Comply with the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedures for the District of Delaware, and any other case management rules and orders of the Court; and

2

(d)      be served by personal service or by overnight delivery, so as to be **ACTUALLY RECEIVED no later than fourteen (14) days** after service of the Assumption Notice, by: (a) the Debtors, 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612 (*Attn*: Joe Joffrion, joe.joffrion@impacmail.com); (b) *proposed* counsel for the Debtors, (i) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Van C. Durrer II, van.durrer@dentons.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899 (Attn: Laura Davis Jones, ljones@pszjlaw.com, David M. Bertenthal, debertenthal@pszjlaw.com, and Timothy Cairns, tcairns@pszjlaw.com); (c) counsel for the Plan Sponsor, (i) Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020 (Attn: Daniel B. Besikof, dbesikof@lowenstein.com) and (ii) Morris Nichols Arsht & Tunnell, 1201 North Market Street, 16th Floor, Wilmington, DE 19801 (Attn: Curtis S. Miller, cmiller@morrisnichols.com); (d) the Office of the United States Trustee for the District of Delaware (Attn: Benjamin A. Hackman); and (e) any other party entitled to notice under Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Debtors' proposed assumption, or assumption and assignment, of an Executory Contract or Unexpired Lease, or the related proposed Cure Cost, that remains unresolved as of the Confirmation Hearing shall be heard at the Confirmation Hearing (or at a later date as fixed by the Court), provided that any such objection may be adjourned, in full or in part, by the Debtors to a later date by listing such adjournment in a notice of agenda or other notice filed on the docket of the Debtors' chapter 11 cases and served on the affected counterparty.

**PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the Cure Cost or (b) the potential assumption or assumption and assignment of any Executory Contract or Unexpired Lease is filed within fourteen (14) days after service of the Assumption Notice, then (i) you will be deemed to have stipulated that the Cure Cost as determined by the Debtors is correct and (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed assigned Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE** that any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption or assumption and assignment, or the proposed Cure Cost, will be deemed to have assented to such assumption or assumption and assignment, and the proposed Cure Cost.

**PLEASE TAKE FURTHER NOTICE** that assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time before the date that the Debtors or Reorganized Debtors assume such Executory Contract or Unexpired Lease. Any Proofs of Claim Filed with respect to an Executory Contract or Unexpired Lease that has been assumed shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Court.

**PLEASE TAKE FURTHER NOTICE** that if you would like to obtain a copy of the Disclosure Statement, the Plan, or related documents, you should contact Kurtzman Carson Consultants LLC, dba Verita Global, the notice and claims agent retained by the Debtors in these Chapter 11 Cases (the "Claims Agent"), by: (a) calling the Claims Agent at 866-967-0676 (U.S. & Canada) or 310-751-2676 (International); (b) visiting the Debtors' restructuring website at: https://www.veritaglobal.net/ImpacMortgage; (c) sending an electronic message to impacmortgageinfo@veritaglobal.com with "In re Impac Mortgage Holdings" in the subject line and requesting a copy be provided to you; or (d) contacting Debtors' *proposed* counsel, (i) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron, tania.moyron@dentons.com, and Van C. Durrer II, van.durrer@dentons.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899 (Attn: Laura Davis Jones, ljones@pszjlaw.com, David M. Bertenthal, debertenthal@pszjlaw.com, and Timothy Cairns, tcairns@pszjlaw.com). You may also obtain these documents and any other pleadings filed in the Debtors' Chapter 11 Cases (for a fee) *via* PACER at http://www.deb.uscourts.gov.

Dated: April 26, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (pro hac vice pending)
Timothy Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com
      debertenthal@pszjlaw.com
      tcairns@pszjlaw.com

-and-

**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* pending)
Van C. Durrer, II (DE Bar No. 3827)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Tel:   (213) 623-9300
Email: tania.moyron@dentons.com
      van.durrer@dentons.com

John D. Beck (*pro hac vice* pending)
Geoffrey M. Miller (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020
Tel:   (212) 768-6700

4

Email: john.beck@dentons.com
geoffrey.miller@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*